HIDALGO COUNTY DRAINAGE DIST. NO. 1 v. SWEARINGEN.

(Court of Civil Appeals of Texas. San Antonio. May 21, 1913. Rehearing Denied June 18, 1913.)

1. DRAINS (§ 18*)—DRAINAGE DISTRICT—EMPLOYMENT OF COUNSEL—STATUTES.

The Drainage Act of 1907 (Acts 30th Leg., c. 40) §§ 43, 44, requiring all contracts by drainage commissioners to be reduced to writing, signed by the contractors and the drainage commissioners, and approved in writing by the county judge, do not apply to contracts employing an attorney for the district under section 51 of the act, authorizing the commissioners to employ counsel on terms approved by the county judge.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 11, 13; Dec. Dig. § 18.*]

2. DRAINS (§ 18*) — DRAINAGE DISTRICTS — EMPLOYMENT OF COUNSEL — APPROVAL OF COUNTY JUDGE.

Where the county judge was present at a conversation between an attorney and drainage commissioners, at which an oral contract was made for the employment of the attorney on behalf of the district, and was then and there approved by the judge, it was not necessary for him thereafter to make a formal approval thereof.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 11, 13; Dec. Dig. § 18.*]

3. ATTORNEY AND CLIENT (§ 166*)—DUTY TO CLIENT—CONTRACT.

Evidence showing that an attorney for a drainage district performed without complaint or cause for complaint all services required of him under the contract is sufficient to support a finding that he has complied with the terms of his contract, regardless of the quality or value of the services rendered.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 368–372; Dec. Dig. § 166.*]

4. DRAINS (§ 20*)—ACTIONS—ATTORNEY FEES —EVIDENCE.

In an action by an attorney to recover compensation for services under a contract entered into between him and a drainage district with the approval of the county judge, evidence *held* sufficient to sustain a finding that the attorney made the contract solely for himself, and not jointly with or as a partner of the county judge.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 20.*]

5. DRAINS (§ 20*)—ACTIONS FOR COMPENSATION—EVIDENCE—ORAL CONTRACT.

In an action upon an oral contract for attorney fees against an irrigation district, evidence *held* sufficient to show an intent of the parties that the contract should be binding without being reduced to writing.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 20.*]

6. JUDGMENT (§ 251*) — CONFORMITY TO PLEADINGS — PLEADINGS STRICKEN BY COURT.

In an action to recover for professional services rendered by an attorney for a drainage district, the court erroneously sustained an exception to the claim in the complaint for services rendered more than two years prior to the commencement of the action, thereby excluding compensation for services rendered during 28 days prior to that time, but which was not yet due. This judgment was in no manner set aside, but at the trial the court rendered a judgment which included the compensation for the 28 days. *Held*, that the pleadings did not support the recovery, and the judgment should be reduced by eliminating that item.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 437; Dec. Dig. § 251.*]

Appeal from District Court, Hidalgo County; W. B. Hopkins, Judge.

Action by R. J. Swearingen against the Hidalgo County Drainage District No. 1. Judgment for the plaintiff, and defendant appeals. Modified and affirmed.

See, also, 142 S. W. 1006.

Jno. C. Scott, of Corpus Christi, for appellant. R. B. Creager, of Brownsville, for appellee.

MOURSUND, J. Appellee sued appellant on June 18, 1910, to recover attorney's fees, claiming that he was entitled to $3,000 for legal services under an express oral contract, approved orally by the county judge, by virtue of which contract he was to receive such amount for one year's services, payment to be made in installments of $250 at the end of each month, and further claiming $2,250 on a quantum meruit for legal services rendered for nine months prior to the making of the contract sued upon. It was alleged that the contract began April 20, 1908, and expired April 19, 1909. Recovery of interest was sought upon each installment from the time when same became due. Appellant's plea of the two-year statute of limitation was sustained as to all of appellee's claim for services rendered more than two years prior to June 18, 1910, so the only claim entertained by the court was for that portion of the year's salary under the oral contract not barred by limitation. Appellant urged a plea in abatement alleging that D. B. Chapin should be made a party to the suit because appellee in making such agreement acted as the agent of Chapin or as a partner with him, wherefore Chapin is jointly interested in the recovery sought, and should be made a party. A general demurrer was filed, and the petition was specially excepted to on the ground that it failed to show that the contract sued upon was in writing, or that the county judge in writing approved such agreement, and that same was approved in writing by the county judge of Hidalgo county after it had been properly executed by appellee and appellant. Appellant, after interposing a general denial, also pleaded specially that in the making of the contract appellee acted as the agent or partner of D. B. Chapin, or jointly with him, and at that time Chapin was, and for a long time thereafter continued to be, county judge of Hidalgo county, and the contract therefore was against public policy, illegal and void, and could not be made the basis of a recovery in the suit. The court overruled the general demurrer and the special exceptions above described, and upon the trial rendered judgment for appellee for $3,322.50, with interest at the rate of 6 per cent. from date of judgment.

[1] The first three assignments of error are based upon the overruling of the three special exceptions above described. The proposition submitted thereunder is as follows: "Under section 51 of the Drainage Act of 1907 the contract authorized for the employment of an attorney by the drainage commissioners must be in writing and the approval thereof by the county judge must be in writing, and a recovery cannot be had on the contract, when that alone is relied on as the basis of recovery, unless it is shown that the contract is in writing, and is approved in writing by the county judge."

Upon a former appeal of this case, the First Court of Civil Appeals (see opinion 142

S. W. 1006) held that these exceptions were not well taken. This court in the case of Matagorda County Drainage District No. 1 v. Gaines & Corbett, 140 S. W. 372, held that section 51 of the drainage act relating to the employment of attorneys was complete in itself, and not qualified by sections 43 and 44, because it is evident that said sections were not intended to apply to contracts for services of attorneys. It was not necessary to allege that the contract was in writing, nor that it was approved by the county judge in writing, and the allegation that the approval of the county judge was given at the time of making the contract was sufficient.

By the fourth assignment it is contended that the court's fourth finding of fact is unsupported by the evidence. Said finding reads as follows: "Fourth. That on April 20, 1908, acting by and through its said drainage commissioners, employed plaintiff for the period of one year from April 20, 1908, in his professional capacity as attorney at law and counsel to represent said drainage district, and act as its legal adviser, whenever requested so to do, in all matters pertaining to the legal business of said drainage district, to attend all meetings of the drainage commissioners whenever requested so to do, and generally to perform any and all legal services that might be required of him by said drainage district and its commissioners." The proposition is as follows: "The contract of employment, such as it was, was not for the definite period of one year from April 20, 1908, or for any other definite period of time; but, on the contrary, the evidence shows that the time for which appellee was employed was an indefinite time, and not for any fixed period." The testimony regarding this matter was conflicting, but we find ample testimony upon which the court could base his finding.

[2] The fifth assignment attacks the sixth paragraph of the court's findings of fact, which reads as follows: "Sixth. That D. B. Chapin, who was county judge of Hidalgo county, Tex., on April 20, 1908, acting as such county judge, in all things approved said contract or agreement between plaintiff and defendant, and the amount of the fee or compensation agreed upon." The following proposition is submitted: "The evidence does not show that the county judge approved the agreement, as contemplated by law, in that it does not show that after the appellee and the drainage commissioners had made the agreement it was approved by the county judge, though the evidence does show that the county judge participated in the actual making of the agreement." We see no merit in the contention that after the making of the contract it became necessary for the county judge to make a formal approval thereof. If he was present, as the evidence

shows he was, during all the conversation, and then and there approved the contract made, such approval constituted a compliance with the law.

[3] The sixth assignment attacks the seventh paragraph of the court's findings of fact, which reads as follows: "Seventh. That plaintiff complied with the terms of said agreement binding upon him, and that defendant accepted and made use of plaintiff's services during the whole of the period of the contract as aforesaid. That plaintiff rendered valuable services to defendant during the term of his employment, including the making of three separate trips to Austin, Tex., for the purpose of consulting with the Attorney General of Texas over bond issues," etc. The proposition is as follows: "The great preponderance of the testimony in this case shows that appellee did no real legal services for the drainage district, and what services he performed for the district, if any, were largely clerical, and were not 'valuable' in any sense of the word as legal services." There is sufficient evidence to support the finding of the court. Appellee appears to have performed, without complaint or cause for complaint, all services required of him under his contract.

[4] The seventh assignment attacks the following finding of fact: "Tenth. That plaintiff in the making of said agreement or contract with defendant was not acting as the employé or agent of D. B. Chapin. That he did not enter into the same as a partner of said D. B. Chapin, nor jointly with said D. B. Chapin. That the said D. B. Chapin was not jointly, or in any manner, interested with plaintiff in the proceeds or moneys sought to be recovered by plaintiff under said contract. That plaintiff did not make said contract or agreement for the exclusive use and benefit of said Chapin, but for his own exclusive use and benefit." The proposition is as follows: "The facts in evidence show that appellee was either the agent or partner of D. B. Chapin, the county judge of Hidalgo county, at the time the agreement was made, or he was jointly interested with Chapin in the making of that agreement, and therefore the agreement is against public policy and void." The testimony of appellee directly supports the finding, though in saying he was not employed by Chapin under an agreement to devote his whole time to Chapin's business he contradicted a statement made by him in a deposition taken in another case. In this case he contended that he was only to receive compensation from Chapin in those cases in which he was called upon to assist, and that Chapin had no character of interest in his contract with appellant. One of the witnesses testified it was understood that Chapin and appellee were partners, while another testified that his understanding was that appellee was

working for Chapin at the time the contract was made. We conclude that the court's finding is supported by evidence.

[5] The eighth assignment attacks the trial court's conclusion of law, that appellee was entitled to the relief given by the judgment, while the ninth assignment complains of the judgment itself. In addition to matters heretofore passed upon, two other questions are raised under these assignments. One is stated in the following proposition: "The evidence in this case showing that it was contemplated by all the parties to the contract, including the county judge, that the verbal understanding of April 20, 1908, would be thereafter reduced to writing and signed by the contracting parties, and that never having been done, the contract or agreement was never consummated between the contracting parties, and same cannot be made the basis of a recovery in this suit." The drainage commissioners testified to an agreement or understanding that the contract should be reduced to writing. Appellee testified he had no recollection of any mention of reducing the contract to writing. The chairman of the drainage commissioners testified that he would not care to say that it was understood the contract would not be effective unless in writing and signed. He also testified: "It was understood that the plaintiff's compensation would begin on the date of his verbal appointment, and that the contract was binding from the date of our meeting." The witness Freeman, one of the commissioners, denied that it was understood the contract should not take effect unless or until it was reduced to writing. No witness testified that the contract was not to take effect unless or until reduced to writing, and it appears to have been the understanding among all parties that a binding contract had been made, and no question of its validity appears to have been urged during the year for which it was made, nor any effort made to abrogate the same. We think the contract testified to was a sufficient basis for the recovery. The other objection requiring consideration is that the verdict is excessive.

[6] It appears that by sustaining exception No. 6 the court excluded, as barred by limitation, all recovery for services rendered prior to June 18, 1908. This was error because the claim for 28 days services rendered prior to June 18, 1908, did not accrue and become payable until two days after June 18, 1908, and was therefore not barred by limitation. The trial court evidently did not construe the exception as we think it must be construed, and therefore in rendering judgment allowed a recovery for said 28 days. Such claim being excluded on exception, and the judgment sustaining the exception being in no manner set aside, we feel constrained to hold that the pleadings do not support a recovery for such time, and

therefore reform the judgment so that the same shall be for $3,123.80, instead of $3,322.50.

The judgment is reformed and affirmed.