

# THE ATTORNEY GENERAL
# OF TEXAS

May 22, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Committee on Labor and
   Employment Relations
Texas House of Representatives
P. O. Box 2910
Austin, Texas   78769

Opinion No. JM-706

Re:   Effect of chapter 56 of the Water Code with regard to the authority of the Galveston County Drainage District No. 2

Dear Representative Criss:

You ask whether chapter 56 of the Water Code controls the actions of the Galveston County Drainage District No. 2. That drainage district was created in 1910 under the Drainage Act of 1907, pursuant to article III, section 52, of the Texas Constitution. It is our opinion that the district is subject to the provisions of chapter 56.

Article III, section 52, of the Texas Constitution was amended in 1904 to authorize the establishment of districts with limited taxing power for drainage and the prevention of flooding, among other things. Because of the restrictive limitation on the maximum amount of indebtedness allowed under article III, section 52, article XVI, section 59, was added to the Texas Constitution in 1917 to authorize districts without the debt limitation.

The Drainage Act of 1907 provided for the creation of a drainage district pursuant to article III, section 52. Acts 1907, 30th Leg., ch. 40, at 78. The Drainage Act, as amended, prescribed the creation, organization, powers, and duties of a district created by authority of that act. Its provisions originally governed, and still govern, such a drainage district. The Drainage Act subsequently was codified as articles 8097-8193, in chapter 7, Title 128, Revised Statutes, 1925, and was recodified without substantive change in 1971 as chapter 56 of the Water Code. See Mobile Oil Corp. v. Matagorda County Drainage District No. 3, 597 S.W.2d 910 (Tex. 1980) (interpretation and effect of chapter 56 to district created prior to 1912 under Drainage Act); Matagorda County Drainage District No. 1 v. Commissioners Court, 278 S.W.2d 539 (Tex. Civ. App. - Galveston 1955, writ ref'd n.r.e.) (interpretation and effect of articles 8097 et seq., V.T.C.S., to districts created in 1907, 1911, and 1912 under Drainage Act); Hidalgo County Drainage District No. 1 v. Swearingen, 158 S.W. 211 (Tex. Civ. App. - San Antonio 1913, no writ) (interpretation and effect of Drainage Act of 1907); Wharton County Drainage District No. 1 v.

Higbee, 149 S.W. 381 (Tex. Civ. App. - Galveston 1912, writ ref'd) (interpretation and effect of Drainage Act of 1907); Parker v. Harris County Drainage District No. 2, 148 S.W. 351 (Tex. Civ. App. - Galveston 1912, writ ref'd) (interpretation and effect of Drainage Act of 1907).

A district created under article III, section 52, and governed by chapter 56 of the Water Code may convert to a district authorized to operate under article XVI, section 59, in which case limitations imposed by article III, section 52 and chapter 56 on debts to be incurred and taxes to be levied are not applicable to the district. Water Code §56.032.

You note that some statutory provisions which relate to drainage districts exist outside the Water Code and question the effect of those statutes on chapter 56 of the Water Code. A few statutory laws outside the Water Code relate generally to drainage districts as well as to other districts and governmental entities. For instance, such statutes provide exemption from appeal bond requirements in a civil case for certain named special districts, including drainage districts (section 6.003 of the Civil Practice and Remedies Code), and authorize obligations of a municipality, district, or political subdivision, including a drainage district, to be made payable at the state treasurer's office (article 4393-1, section 3.022 of the Treasury Act; formerly article 4379b, V.T.C.S.). However, the great bulk of statutes relating to drainage districts that are not codified in the Water Code are special acts of the legislature that apply only to designated drainage districts. Such special acts are not applicable to any district other than the drainage district named or described by the act. An example of such an act is chapter 467 enacted by the Fifty-sixth Legislature (article 8280-237, V.T.C.S.), which creates the Galveston County Drainage District No. 4 and provides its organization, powers, and duties. The provisions of chapter 467 of the Fifty-sixth Legislature apply only to the Galveston County Drainage District No. 4 and, hence, are not codified in the Water Code. See Acts 1959, 56th Leg., ch. 467, at 999.

You also ask whether the Galveston County Drainage District No. 2 has authority to charge fees for reviewing plans for the construction of crossings over the district's ditches. A drainage district organized under and governed by chapter 56 is a subdivision of the state which is created for a special purpose and exercises only powers that are expressly granted or which are necessary and incident to the exercise of expressed powers. See Mobile Oil Corp. v. Matagorda County Drainage District No. 3, supra (by annexing territory in gulf, drainage district acted beyond its limited powers); Attorney General Opinion O-1862 (1940) (drainage district lacks statutory authority to use district funds to maintain drainage ditches constructed by private owners).

Subject to the constitutional limitations, chapter 56 expressly authorizes an annual levy of taxes on district property to pay bonded indebtedness and to construct and maintain district improvements. Water Code §56.242. See also Matagorda County Drainage District v. Commissioners court, supra. Chapter 56 contains no provision authorizing a drainage district to charge fees for reviewing plans for crossings over its ditches. We conclude that a drainage district governed by chapter 56 which charged such a fee would exceed its limited powers.

## SUMMARY

The provisions of chapter 56 of the Water Code apply to and govern the Galveston County Drainage District No. 2. Most statutes relating to drainage districts that are not codified in the Water Code are special acts of the legislature that apply only to drainage districts named or described by the acts. A drainage district governed by chapter 56 is not authorized to charge a fee for reviewing plans for crossings over its ditches.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General