## F. R. FLOYD V. JOHN TURNER AND OTHERS.

A public road cannot be laid out and established through a farm, and the improvements thereon, without the requirements of the law in such cases having been first complied with; (Act 4th February, 1852, Pamph. Laws, 36, ch. 34.); and an injunction will be granted to restrain the road overseer from opening or working such a road.

Where a bill for an injunction shows a case, which entitles the complainant to relief, although the injunction may be properly dissolved on the defendant's answer to the equity of the bill, it is error to dismiss the bill on motion.

APPEAL from Orange.    Tried below before the Hon. James M. Maxcey.

This was a suit by the appellant against the appellees, John Turner, road overseer, Alexander Davis, chief justice of Orange county, Hugh Ochiltree and others, county commissioners, to enjoin and restrain the road overseer from proceeding to open a road, which the plaintiff alleged would pass through his homestead tract of land, to his great damage.

The plaintiff alleged in his petition, that at the November Term, 1854, of the County Court of Orange county, an order was made, appointing certain commissioners, to review and lay out a road leading from Montes' Ferry, on the Neches river, to the most suitable point on the Beaumont and Madison road, and report to

the court, at the next term. He averred that the said commissioners never reviewed the proposed road, nor made any report to the court. The petition stated, that no further action had been taken by that court, touching the establishment of such proposed road, until the May Term, 1857, when an order was made, "that the road leading from Montes' Ferry, on the Neches river, be laid out on the route and ground as the old road heretofore run, to intersect the road No. 2, leading from Madison to Tevis' Ferry, on the Neches river; and that John Turner be appointed overseer on said road, and that he call out hands," (naming them,) "when instructed to work said road from Montes' Ferry to its junction with the said road, No. 2."

The petition or bill further stated, that at the May Term, 1857, of the county court, an order was made, requiring F. R. Floyd, (the plaintiff,) to be notified and required to remove any obstruction that he may have put in or across road No. 3, known as the Montes' Ferry road; and declaring the same to be a public road.

The plaintiff alleged, that the obstructions referred to in this order, consisted of improvements made by him upon his said premises and land, such as buildings, fencing, &c., of a substantial and permanent character, which had been erected upon the premises for more than five years, during which time they had been in the plaintiff's use and occupancy.

The petition alleged, that Turner, who was, at said May Term, 1857, appointed overseer of the road through the plaintiff's premises, (which was the same as that ordered to be reviewed,) was about to throw down and remove his said buildings and fences, and to construct the said road through the premises of the plaintiff, whereby he would be injured to the amount of two thousand dollars. That no road had, at any time, been surveyed, reviewed and established according to law, across the premises and possessions of the plaintiff; wherefore, he prayed that the County Court of Orange county, and John Turner, might be enjoined from proceeding further in opening the said road.

The injunction was granted on 16th of September, 1857. The

defendants, John Turner, and Alexander Davis, chief justice of the county, filed their answer, in which they alleged that the road, of which Turner was appointed overseer, and required to work, had been reviewed, and declared a public road, in 1848, and as such, subject to be worked, kept open, and free from obstructions.

The defendants also filed a motion to dissolve the injunction, for want of equity in the petition, and for other grounds stated; and also to dismiss the bill for insufficiency in law, and want of equity. The court sustained the motion to dissolve the injunction, and dismissed the case, at the plaintiff's costs.

On the hearing of the motion, the plaintiff asked that the bill should stand over for trial upon the facts, which was refused by the court.

*H. N. & M. M. Potter*, for the appellant.

*E. B. Pickett & T. Rock*, for the appellees.

WHEELER, C. J.—The injunction appears to have been rightly dissolved upon the answer. But upon the motion to dismiss, the court could only look to the petition. That presents the case of an attempt to lay out and establish a road through the plaintiff's farm and improvements, to his great injury, without first having complied with the requirements of the law, in such cases. (Act 4th February, 1852, Pamph. Laws, 36, ch. 34, §§ 6, 7, 8, 9.) The motion to dismiss, is in the nature of a demurrer, and admits the truth of the petition for the purpose of considering its legal sufficiency. If true, the plaintiff was entitled to relief, and the court erred in dismissing the petition; for which the judgment must be reversed, and the cause remanded.

Reversed and remanded.