## C. F. DUER v. POLICE COURT OF AUSTIN COUNTY.

1. A police court, exercising the powers of road commissioners conferred upon it by the Constitution of 1866, was in the nature of a special commission; and was not an " inferior tribunal " within the meaning of section six of article four of that Constitution, which conferred on the district courts appellate jurisdiction from all inferior tribunals.

2. A district court, under the Constitution of 1866, had no jurisdiction to enjoin a police court from opening a public road, when the injunction was sought substantially because of the alleged inadequacy of the damages awarded to the plaintiff, over whose land the road was to be opened.

3. The remedy by injunction, however, would have been available to restrain a police court from transcending its legal province and doing any act in open violation of private rights and in abuse of its own discretion.

APPEAL from Austin.   Tried below before the Hon. L. Lindsay.

Duer alleged that the damages occasioned to his plantation by the proposed road would amount to $2000, whereas only $120 had been awarded.   As usual in such controversies, there were allegations of intermeddling and of improper influences; but the damages seemed to be the real grievance.

No briefs have come to the Reporter's hands, in this case.

WALKER, J.—This is a case which arose under the Constitution of 1866.   This Constitution provided that the district court should have appellate jurisdiction in cases originating in inferior courts. The police court was an inferior court, and the district court doubtless had appellate jurisdiction of causes originating in that court.

But the proceedings in this case were under the statute providing the mode and manner in which public highways are to be laid out and located.

The law does not provide an appeal to the district court from the proceedings of the police court, in matters of this kind.

The law confers an authority, as was well remarked by Judge Wheeler, in Arberry v. Beavers, 6 Texas, 469, 470, in the nature of a special commission on the police court. And it does not constitute the officer a judicial tribunal or inferior jurisdiction, within the meaning of the Constitution of 1845. Article 4, section 10, has reference to those inferior judicial tribunals which are constituted to administer justice to the country, and whose proceedings are according to the course of the common law.

In Wells v. Mills, 22 Texas, the same learned judge, on pages 304 and 305, says: "It is a general rule that where a discretion is confided to an officer or tribunal, there can be no revision, and no appeal; for that implies the liberty, or power, of acting without other control than one's own judgment."

The statute confers a discretion on the police court, in the use of which the judge may order roads to be laid out and located over private property; commissioners having first been appointed to view the line of the proposed road, and report upon the propriety and necessity of its location, and also to assess damages to the owners of private property, appropriated for the road.

We have no doubt that if the police court should transcend its legal province, or do any act in open violation of the rights of individuals, and in abuse of its own discretion, the writ of injunction might be resorted to to restrain such illegal acts. But in this case the injunction was sought to restrain the opening of the road, mainly on the ground that the commissioners had not awarded sufficient damages to the plaintiff; and this was not a case of which the district court could take jurisdiction, and there was no error in dismissing the case.

The judgment of the district court is affirmed.

Affirmed.