LOUISA BOURGEOIS v. J. S. MILLS.

(Case No. 3395.)

1. PUBLIC ROADS.— The act of July 29, 1876, to regulate the laying out, opening, classifying and working public roads, confers on the commissioners' court of each county full jurisdiction over the subject, within the limits of their respective counties, to be exercised in its discretion. When it is clearly shown that its power over the subject has been transcended or grossly abused, the revisory power of the district court may be exercised.

2. SAME.— That the commissioners of review had allowed no damages to one through whose land a public road was laid out, or that he was prevented by sickness from appearing before the commissioners of review, affords no ground for exercising the revisory power of the district court.

APPEAL from Dallas. Tried below before the Hon. Z. Hunt.

December 15, 1876, appellants brought this suit in the district court against appellee as road overseer to restrain and enjoin him from opening up a public road through their inclosed land, in obedience to an order of the county commissioners' court. They alleged that a commission of review had been appointed by the court to review a road and assess the damages; that they did review and locate a public road through the inclosed lands of appellants, and assessed no damages. This report was made to and adopted by the commissioners' court, and appellee was appointed overseer and directed to open up and work the road. It was also alleged that at the time the review was made appellants were prevented from appearing before them, on account of sickness; that the establishment

of the proposed road would greatly injure them, in the sum of $1,000. A preliminary injunction was sought and obtained.

Appellee answered by general demurrer and general denial. Upon the hearing the court sustained the demurrer, and, appellants declining to amend, judgment was rendered dismissing the cause.

*Good, Brown & Combs* and *John M. Stemmons,* for appellant.

No briefs on file for appellee.

WATTS, J. COM. APP.—This is a suit in the district court to enjoin a road overseer from opening a public road through the inclosed lands of the appellants, in obedience to an order of the county commissioners' court. The county commissioners' court is provided for by the constitution, that is, it is a constitutional court, with such powers and jurisdiction over all county business as is conferred by the constitution or that might be conferred by law. The act to regulate the laying out, opening and classifying and working public roads, etc., approved July 29, 1876, confers upon the commissioners' court full power and jurisdiction over the subject of public roads. This is a special power or jurisdiction confided to that court, to be exercised according to its discretion. No provision is made in the act for reviewing its action with respect to that matter. No doubt, however, is entertained as to the power of the district court, through its equitable jurisdiction, to revise the exercise of that discretion, where it is clearly shown that it has been grossly abused; or to interfere and prevent an injury where it appears that the commissioners' court had transcended its authority, or was proceeding without authority of law. Floyd *v.* Turner, 23 Tex., 292; Duer *v.* Police Court, etc., 34 Tex., 283; Anderson County *v.* Kennedy, Texas Law Review, vol. 1, No. 14, p. 218.

In this case the petition does not show an abuse of discretion upon the part of the commissioners' court, nor that it had either transcended its legal authority or was proceeding without authority of law. All the proceedings had by that court appear to have been regular, and clearly within the scope of its legal jurisdiction. Reviewers were properly appointed, and it was upon their report that the court made the order under consideration.

Appellants complain that the reviewers did not allow or assess any damages as resulting to them by reason of opening up the road through their inclosed lands. The law under which the commission of review acted required that, in assessing damages, the advan-

tages and disadvantages accruing to appellants from opening the road through their inclosed land should be taken into consideration. And so far as anything appears to the contrary, the commission of review may have concluded that the advantages arising from the establishment of the road fully compensated appellants for the damages resulting from the easement upon their land. At any rate there is no fraudulent intent or wrong motive alleged against the commission of review in reporting that no damages would result to appellants by reason of opening up and establishing the road.

The fact that appellants were prevented by sickness from appearing before the commission of review is not of itself sufficient ground to authorize the interposition of the equitable powers of the district court. When a report is made by a commission of review it is subject to be contested before the county commissioners' court. That court has full jurisdiction over the subject matter, and may adopt or reject the report as it may determine. There is nothing in the law, or arising from either the nature of the subject matter or the organization of that court, that would have precluded the appellants from appearing in that court and contesting the report. And it is to be presumed that if this had been done, and good cause had been shown, the court, in the exercise of its discretion, would have rejected the report and appointed other commissioners of review.

It would seem that, before appellants could resort to the district court, it was incumbent on them to show that they had availed themselves of all proper remedies in the commissioners' court.

We conclude that the general demurrer to the petition of appellants was well taken, and that the court correctly dismissed the case. Therefore report that the judgment ought to be affirmed.

AFFIRMED.

[Opinion approved June 26, 1883.]