## LOUISA BOURGEOIS et. al., vs. J. S. MILLS.

### SUPREME COURT, AUSTIN TERM, 1883.

*Public Road---Revisionary Powers of District Court.*---District Courts have revisionary power over the action of commissioners' courts in the matter of opening public roads, when the latter court transcends its authority or acts without authority of law.

Failure of the owner of the land, through which a road is opened, on account of sickness, to appear before the commissioners of review, is not sufficient ground to authorize the interposition of the revisionary powers of the district court.

Appeal from Dallas County.

*Stemmons and Good and Bower and Coombes* for appellants.

### STATEMENT.

December 15th 1876, appellants brought this injunction suit in the district court against appellee as road overseer to retain and enjoin him from opening up a public road through their enclosed land in obedience to an order of the county commissioners' court.

They alleged that a commissioner of review had been appointed by the court to review a road and assess the damage; that they did review and locate a public road through the enclosed lands of appellants, and assessed no damages. This report was made to and adopted by the commissioners' court, and appellee was appointed overseer, and directed to open up and work the road.

It is also alleged that at the time the review was made, appellants were prevented from appearing before them, on account of sickness. That the establishment of the proposed public road will injure

thereby in sum of $1,000. A preliminary injunction was sought and obtained.

Appellee answered by general demurrer and general denial. Upon the hearing, the court sustained the demurrer and appellants declining to amend, judgment was rendered dismissing the cause.

Opinion by Watts, J.

This is a suit in the district court to enjoin a road overseer from opening a public road through the enclosed lands of the appellants, in obedience to an order of the county commissioners' court.

The county commissoners' court is provided for by the constitution, that is, it is a constitutional court, with such powers and jurisdiction over all county business as is conferred by the constitution or that might be conferred by law.

The act to regulate the laying out, opening and classifying and working public roads, &c., approved July 29th, 1876, confers upon the commissioners' court full power and jurisdiction over the subject of public roads. This is a special power or jurisdiction confided to that court, to be exercised according to its discretion.

No provision is made in the act for reviewing its action with respect to that matter. No doubt, however, is entertained, as to the power of the district court through its equitable jurisdiction, to revise the exercise of that discretion, where it is clearly shown that it has been grossly abused, to interfere and prevent an injury where it appears that the commissioners' court had transcended its authority, or was proceeding without authority of law.

Floyd vs. Turner 23 Tex., 292. Duer vs. Police Court,&c.,34 Tex. 283. Anderson County vs. Kennedy, Galveston Term, 1883.

In this case the petition does not show an abuse of discretion upon the part of the commissioners' court, nor that it had either transcended its legal authority or proceedeb without authority of law. All the proceedings, had by that court, appear to have been regular, and clearly within the scope of its legal jurisdiction. Reviewers were properly appointed and it was upon their report that the court made the order under consideration.

Appellants complain that the reviewers did not allow or assess any damages as resulting to them by reason of opening up the road through their enclosed lands.

The law, under which the commissioner of review acted, required

that in assessing damages, that the advantages and disadvantages accruing to appellants from opening the road through their enclosed lands, should be taken into consideration. And so far as anything appearing to the contrary, the commissioner of review may have concluded that the advantages arising from the establishment of the road fully compensated appellants for the damages resulting from the road upon their land. At any rate there is no fraudulent interest or wrong motive alleged against the commissioner of review, in reporting that no damage would result to appellants, by reason of opening up and establishing the road.

The fact that appellants were prevented by sickness from appearing before the commissioners of review, is not of itself sufficient grounds to authorize the interpositon of the equitable powers of the district court.

When a report is made by a commissioner of review it is subject to be contested before the county commissioners' court. That court has full jurisdiction over the subject matter, and may adopt or reject the report as it may determine. There is nothing in the law, or arising from either the nature of the subject matter or organization of that court, that would have precluded the appellants from appearing in that court and contesting the report, and it is to be presumed that if this had been done, and good cause had been shown, the exercise of its discretion would have rejected the report, and appointed other commissioners of review.

It would seem that before appellants could resort to the district court, that it was incumbent on them to show that they had availed themselves of all proper remedies in the commissioners' court.

We conclude that the general demurrer to the petition of appellants was well taken, and that the court correctly dismissed the case. Therefore we report that the judgment ought to be affirmed.

The report of the commissioners of appeals examined, their opinion adopted, and the judgment affirmed.

WILLIE, C. J.