NUECES COUNTY WATER CONTROL & IMPROVEMENT DISTRICT NO. 4 et al., Appellants,

v.

Sam E. WILSON et al., Appellees.

No. 5219.

Court of Civil Appeals of Texas.

El Paso.

June 19, 1957.

Rehearing Denied July 10, 1957.

George Prowse, Fisher, Wood, Burney & Lewis, Corpus Christi, Duman, Huguenin & Boothman, Dallas, Looney, Clark & Moorhead, Austin, for appellants.

Ralph Shank, W. Leo Austin, Chas. B. Ellard, Dallas, Baker, Botts, Andrews & Shepherd, Houston, Neel & Seaman, James M. Easterling, Frank Chilson, Corpus Christi, W. G. Winter, Jr., R. H. Whilden, Houston, Paul A. McDermott, Fort Worth, Wm. R. Choate, Houston, for appellees.

•

HAMILTON, Chief Justice.

This is an appeal from the judgment of the District Court of Nueces County, excluding lands of appellee Sam E. Wilson, Jr., and oil and gas leases of appellees The Atlantic Refining Company, Shell Oil Company, Sinclair Oil and Gas Company, Sunray Mid-Continent Oil Company, Renwar Oil Corporation, Conroe Drilling Company, Arkansas Fuel Oil Company, and Heep Oil Corporation, from the appellant Nueces County Water Control & Improvement District No. 4.

Said District was created by order of the Commissioners' Court on November 24, 1952 under the terms and provisions of Sec. 59, Art. XVI, of the Texas Constitution, Vernon's Ann.St. and as provided by Chapter 3A of Title 128, Vernon's Ann.Civ. St. None of the appellees appeared and protested the creation of said District at the Commissioners' Court hearing, and no appeal from said order was taken. Creation of the District was subsequently confirmed by an election held in the Town of Port Aransas. The District then proceeded to organize, preliminary surveys were made, and the District adopted plans for the construction of a plant and improvements to carry out the purpose of the District's organization. As is required by Art. 7880-78 V.A.C.S., there was filed in the District office an engineer's report covering the plans and improvements to be constructed, together with maps, plats, profiles and data fully showing and explaining the proposed plans, including estimates of cost of im-

provements. The map showing the boundaries of the District shows the District to be comprised of 140 square miles of territory, eighty per cent of which is submerged by the waters of Corpus Christi Bay and Red Fish Bay. The oil leases of appellee oil companies are submerged by said bays. The plans of the proposed improvements show an 8-inch water line extending from Padre Island, outside of the District, a distance of 18 miles to the town of Port Aransas. One pump station is shown on Padre Island, where the line begins, and the second pump station is shown in the town of Port Aransas, where two storage tanks are located, and from the storage tanks a distribution system extending over the town of Port Aransas and the immediate area adjoining the town of Port Aransas is shown. The area shown to be serviced by this distribution system comprises about one mile square. The plans and engineer's report call for the expenditure of $590,000 for organization, purchase of existing water system, and for improvements. The plans do not call for, nor is any expenditure shown for, servicing any other area than the town of Port Aransas and the area immediately adjacent thereto. The plans do no contain any provision for present or future service to any of the lands of appellee Sam E. Wilson, Jr., or to the submerged oil and gas leases of the appellee oil companies.

Thereafter, as is required by Art. 7880-76 V.A.C.S., notice was published announcing a hearing to be held in the town of Port Aransas on February 3, 1953 to consider exclusion of lands. Appellee Sam E. Wilson, Jr. filed his petition for exclusion of his land, comprising some 8,400 acres of Mustang Island, upon which the town of Port Aransas is located. The appellee oil companies filed their petitions for exclusion of their oil and gas leases on the day prior to the hearing. At the beginning of the hearing, the Board announced, through its spokesman, that it had reached the conclusion that none of the land in the proposed District should be excluded, and at the end of the hearing, the Board entered its order

stating that it had found on its own motion that no land should be excluded and, further, that it had found that all persons and interested property owners who presented themselves to be heard at the public hearing on the matter of the exclusion of lands or other property from the District were afforded a full hearing, and that upon the close of the hearing, the Board duly considered all testimony offered, and upon such evidence found, among other things, that the lands sought to be excluded can be bettered as to conditions of living and health and served with water and otherwise benefited by the District's proposed improvements, and found that none of the land or other property should be excluded therefrom, and that any exclusion was not practicable, just, or desirable.

At the trial, it was testified that the land of appellee Sam E. Wilson, Jr. was uninhabited and was uninhabitable; that same was used only for grazing and some production of oil therefrom; that the oil and gas leases of the appellee oil companies were submerged; that oil was being produced from numerous wells on said leases; that of course they were uninhabited and uninhabitable. It was admitted by Directors of the District that these facts were well known to them at the time of the hearing and long before. It was undisputed that the lands and oil and gas leases of appellees comprised more than 95 per cent of the taxable value of the property in the District; that there were only about 300 potential customers for the use of the water as proposed to be distributed, and that the income from the sale of water would be insufficient to pay for the operation, and payment of bonds and interest proposed to be voted; that taxation would have to be resorted to to meet such obligations.

Appellants base their appeal principally on the proposition that the court had no jurisdiction to hear the case on the ground that appellees failed to allege and prove fraud on the part of the District in refusing to exclude appellees' lands from the District. Appellees rely principally on the proposition that the Board, in refusing to exclude their lands from said District under the facts as outlined above, was arbitrary, capricious and unreasonable, and such refusal constituted legal fraud upon the rights of the appellees. Appellants further make the point that the appellee oil companies forfeited any rights they had for a hearing on exclusion when they failed to file their petitions for exclusion ten days before the date of hearing.

We disagree with the appellants on both contentions. It is our opinion that appellee oil companies had a right to be heard on their petitions, and that the court had jurisdiction to review the action of the Board of Directors in refusing to exclude the land of appellee from said District. It appears to us that Art. 7880-76 V.A.C.S., was passed by the Legislature for the protection of persons in the position in which appellees found themselves. Since the points involved on this appeal all relate to the above Article, we think it advantageous to set out its principal parts, as follows:

"Art. 7880—76. Lands excluded from district

"After a district has been organized, preliminary surveys have been completed, the district does adopt plans for the construction of a plant and improvements, and before the district calls an election for the authorization of construction bonds, there must be exclusions of land or other property, if any such exclusions are deemed practicable, just or desirable, from the district by means and upon conditions as follows:

"1st: The directors of the district must before the holding of such election give notice of a time and place of a hearing to announce their own conclusions as to exclusions of lands or other property and to receive petitions for exclusion of lands or other property: Such notice shall be published in

one or more newspapers which will give general circulation in the district: The notice of such hearing shall be published once a week for three consecutive weeks: The first of such publications shall appear not less than thirty days, nor more than forty days, prior to the date of the hearing: Said notice shall give advice to all interested property owners of their right to present petitions for exclusions and to offer evidence in support thereof, or to contest any proposed exclusion and offer evidence in support thereof, whether to be based on a petition or upon the Board's own conclusions. Petitions for exclusion of lands must accurately describe the metes and bounds of such lands. Petitions for exclusion of other property shall describe the same for identification.

"In order to give the district opportunity to investigate the physical conditions of property sought to be excluded, all petitions for exclusions shall be filed with the district not later than ten days prior to the hearing, must clearly set out the particular grounds on which the exclusion is sought and consideration shall be confined to the stated grounds. The grounds upon which exclusions from such districts may be made are as follows, viz.:

"(a) That to retain certain lands, or other property, within the district's taxing power would be arbitrary, not required to conserve the public welfare, and would in fact impair or destroy the value of the property desired to be excluded, and would in fact constitute the arbitrary imposition of a confiscatory burden.

"(b) That to retain any given land, or other property, in the district and to extend to it, either presently or in the future, the benefits, service or protection of the district's works and facilities cannot be done without creating an undue and uneconomic burden on the remainder of the district.

"(c) That the lands desired to be excluded cannot be bettered as to conditions of living and health, or served with water, or protected from flood, or drained or rendered free from interruption of traffic caused by any excess of water on the roads, highways, or other means of transportation serving such land, or otherwise benefited by the district's proposed improvements.

"The hearing may be adjourned from one day to another and until all persons who desire to be heard are heard. Immediately on the hearing the directors shall specifically describe all property which they, on their own motion, propose to exclude, and shall first hear protests and evidence against such exclusions.

"If upon consideration of all engineering data in hand, and the other evidence, the directors determine that the facts disclose the affirmative of the propositions stated in paragraphs (a) or (b), or, in appropriate case, in paragraph (c) of this section, then they shall enter of record their order excluding all lands, or other property, falling within the conditions by said respective paragraphs defined, and shall in said order redefine the boundaries of the district to embrace all lands not excluded: This order shall be final, and there shall be no action maintained thereon in any court, save upon the ground of fraud. * * *"

It will be noted that the hearing provided for therein shall be held before an election for authorization of construction bonds, and that there must be exclusion of lands or other property if such exclusions are deemed just, practicable or desirable. Then there are set out the conditions under which such exclusions shall be made. It is provided that anyone wish-

ing to have land excluded shall file a petition setting out their particular grounds ten days before the hearing. This requirement is made in order to give the District an opportunity to investigate the physical conditions of the property sought to be excluded. As stated above, it was admitted on the trial that the Directors had long been familiar with the physical condition of the properties sought to be excluded. Consequently, the District was in no way injured by not having appellees' petitions ten days prior to the date of hearing. At any rate, the Section provides that hearings may be adjourned from day to day, and had the District needed any further time to investigate the physical condition of the property, they could have done so without harm to themselves. We think the provision requiring filing of the petition for exclusion is directory, and we do not think the Legislators intended that failure to file a petition ten days prior to the date of hearing should amount to a forfeiture of the right to be heard. At any rate, the Board of Directors, in making its finding, stated that all persons appearing before it had a full hearing and all evidence was considered, which amounts, in substance, to a waiver of the requirement that the petition be filed ten days before the hearing.

It will be noted, in article 7880-76, the grounds upon which exclusions can be made. Appellees alleged all three of said grounds (a), (b) and (c), and we think that the plans for the construction of a plant and improvements, as adopted by the Board of Directors, and the physical condition of the properties of appellees, when taken together, conclusively show the affirmative of (a), (b) and (c), and the failure of the Board to so find is a gross abuse of discretion, was arbitrary, and that the Board transcended its authority, in refusing to exclude said lands from the District.

Appellants contend that only where fraud is alleged and proven can the District Court take jurisdiction in the matter of this kind. They base that conclusion upon the statement in the last paragraph quoted from said article 7880-76. The last paragraph, as can be seen, provides that if the Directors determine that the facts disclose the affirmative of the propositions stated in paragraphs (a) or (b) or (c), then they shall enter of record their order excluding all lands or other properties falling within the conditions by said respective paragraphs defined. Then this statement: "This order shall be final, and there shall be no action maintained thereon in any court, save upon the ground of fraud." We think it is clear that whatever limitation is placed on the jurisdiction of the courts to review the orders of the Board is confined to orders excluding land from the proposed district, and does not apply to the failure of the Board to exclude lands. Even if the above limitation should be construed to apply to orders of the Board refusing to exclude lands, we doubt if it would be effective, as against Art. V, Sec. 8, of our Constitution. We think that the Legislature sets out plainly the duties of the Board of Directors of the water district, and if that body completely ignores its duty in the face of undisputed and unquestioned facts, and abuses its discretion, then we think the district court, under its broad equity powers, can review and revise the exercise of that discretion. Bourgeois v. Mills, 60 Tex. 76. This case was cited in the case of Wilmarth v. Reagan, 242 S.W. 726, by the Commission of Appeals, opinion adopted by the Supreme Court. This case involved a county levee improvement district, and a special act by the Legislature creating said district provided that the action of the supervisors was final; yet said court held that in case of fraud, which was alleged against the supervisors, that the district court had jurisdiction. Although that case involved fraud, we think the same rule announced applies to allegations of arbitrary, capricious and unlawful action of the Board of Directors in the instant case. It is hard to conceive of a situation where a greater abuse of authority and dis-

cretion is shown than in this case. The very plans and the report of engineers show that the only territory or area that was designed to be served with fresh water by this District was the small area of the town of Port Aransas and the immediately adjoining area, comprising in all an area of not more than one mile square. No provision for the present or future is shown, whereby the appellees' lands, or oil and gas leases, will be served by these proposed improvements. Of the $590,000 to be expended, not one dollar is shown proposed to be expended for improvement designed to serve water to any part of appellees' lands or oil and gas leases; yet ninety-five per cent of the money to be raised by taxation to pay for said improvements is proposed to be collected from the appellees. It seems to us that said article 7880–76 contemplates that at a hearing on exclusion of lands from such a district, there should be some evidence that the lands sought to be excluded can be and will be served with fresh water, and that such service will benefit the lands. In the absence of any plans or intention of the District to service such lands by furnishing fresh water, it necessarily follows that such lands cannot be benefited by being included in the District.

■ The only two issues submitted to the jury by the court were whether the lands of appellee Sam E. Wilson, Jr. would be benefited by the proposed improvements, and as to whether the oil and gas leases of the appellee oil companies would be benefited by the proposed improvements. The jury answered both questions in the negative. Appellant objected to said issues because they were immaterial, and because there was no evidence, and insufficient evidence, to support the jury's findings to said issues.

We overrule these points. There was ample evidence to support the findings of the jury. The question of benefit to the lands involved is material, as is provided in the above quoted statute.

■ Appellants make several points complaining of the court's judgment as being an attack upon the creation and formation of the District. We do not so construe the court's judgment. The instant case did not involve an attack upon the formation of the District. It is true that the Attorney General, acting on behalf of the State of Texas, was originally in the suit wherein the formation of the District was attacked. However, that part of the suit was severed and was tried separately. The case was appealed to the Court of Civil Appeals at San Antonio, and the court held that the severance was proper and that the District was properly created. Nueces County Water Control & Improvement District No. 4, v. State of Texas ex rel. Wilson, 270 S.W.2d 672. The trial and judgment of the trial court in the instant case was confined to the matter of exclusion of property from the District as is governed by said Art. 7880–76, V.A.C.S. Consequently, such points are overruled.

In entering judgment that the land of appellees be excluded from the Water District, the trial court necessarily found, as a matter of law, that the Board of Directors of said District acted arbitrarily, capriciously, and without authority of law, in refusing to exclude said lands from said District. We think the record amply supports such finding.

The judgment of the trial court is affirmed.

WILLIAMS, J., not sitting.