MOBIL OIL CORPORATION, Petitioner,

v.

MATAGORDA COUNTY DRAINAGE
DISTRICT NO. 3 et al.,
Respondents.

No. B–8545.

Supreme Court of Texas.

April 2, 1980.

Rehearing Denied May 7, 1980.

Forrest Smith and John E. Holt, Dallas, Lawrence P. Gwin, Bay City, Wood & Burney, Allen Wood, Corpus Christi, for petitioner.

Mark White, Atty. Gen., Austen H. Furse, Asst. Atty. Gen., Austin, for intervenor.

Fred P. Holub, Bay City, Mayfield & Bowers, Verner L. Bowers, Jr., Palacios, Cox, Roady & Dawson, Joyce Cox and Margaret Garner Mirabal, Houston, for respondents.

POPE, Justice.

Mobil Oil Corporation filed suit in the district court seeking a declaratory judgment and injunctive relief against Matagorda County Drainage District No. 3, the Matagorda County Commissioners Court, and its members. The State of Texas inter-

vened. Mobil insists that the drainage district's annexation of territory for the purpose of draining 178,557 acres of land covered by the waters of the Gulf of Mexico was an unconstitutional application of section 1(4) of article 8176b-1.[1] Both Mobil and the defendants, hereafter referred to as Matagorda, filed motions for summary judgment. The district court granted Matagorda's motion and denied Mobil's. The court of civil appeals affirmed the denial of Mobil's motion but reversed and remanded the summary judgment granted Matagorda. 580 S.W.2d 634. We reverse the judgments of the courts below and render judgment that the order of the commissioners court annexing Mobil's lands beneath the Gulf of Mexico was in excess of the commissioners' statutory powers.

Before reaching the merits of Mobil's contention, there are some procedural questions which must be resolved. Matagorda insists that the annexation order of the commissioners court is not reviewable because section 56.082, Tex.Water Code Ann. (1972), makes the judgment of the commissioners court final. That statute gives the commissioners court exclusive jurisdiction to hear and determine all proceedings of a district after it is organized and then provides:

(b) [T]he judgment of the commissioners court rendered under Subsection (a) of this section is final.

■ A judgment, though final, may yet be one that is reviewable. It is the finality which makes a judgment a subject for review. What Matagorda is actually contending is that the legislature intended section 56.082 to grant to commissioners courts final jurisdiction of all proceedings of a district. When the legislature has intended to limit the jurisdiction of state courts, it has used language more apt for the purpose than that in section 56.082. For example, the legislature carved from the jurisdiction

of this court "those cases in which the *jurisdiction* [not the judgment] of the court of civil appeals is made final by statute." Tex.Rev.Civ.Stat.Ann. art. 1728. In denominating those cases, the legislature did not simply say that judgments of courts of civil appeals would be final; it said that they would be "conclusive on the law and the facts" and that no writ of error from the supreme court should be allowed with respect to them. Tex.Rev.Civ.Stat.Ann. art. 1821. The legislature did not intend by using the term "final" in section 56.082 to prevent all review of commissioners court orders annexing territory to drainage districts. We hold that the commissioners court order presently before us is subject to review by the district court. *Bourgeois v. Mills*, 60 Tex. 76 (1883); *Duer v. Police Court of Austin County*, 34 Tex. 283 (1870); *Nueces County Water Control & Improvement Dist. No. 4 v. Wilson*, 304 S.W.2d 281 (Tex.Civ.App.—El Paso 1957, writ ref'd n. r. e.).

■ The second procedural question is whether Mobil's attack upon the order of the commissioners court is a collateral attack upon that court's order. This point comes to us by a point in the application for writ of error filed by Matagorda. We approve the holding of the court of civil appeals which sustained Mobil's right to a review by the district court of the annexation order of the commissioners court. *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324, 328 (1956), among other decisions of this court, settles this point:

It is well settled that a direct equitable proceeding in district court, the purpose and effect of which is to review or set aside an order of the Commissioners Court, comes within the power granted by . . . constitutional and statutory provisions . . ., and has the effect of a direct attack upon the order, at least where the Legislature has not prescribed

---

1. Tex.Rev.Civ.Stat.Ann. art. 8176b-1 § 1(4); Acts, 55th Legislature, Regular Session 1957, Chapter 345, at 814.

the procedure for appealing from such order.

The constitutional and statutory provisions to which *Graham* refers are Article V, Section 8, of the Texas Constitution, and Article 1908 of the Revised Civil Statutes. The Constitution recites that, "The district court shall have appellate jurisdiction and general supervisory control over the County Commissioners Court, with such exceptions and under such regulations as may be prescribed by law . . . ." The provisions of article 1908 are identical with these constitutional provisions in every material respect. The legislature has not established the procedure for appealing orders of commissioners courts. Thus the rule of *Graham* applies. Mobil's attack in the district court upon the annexation order of the Matagorda County Commissioners Court was a direct attack.

■ Matagorda contends, however, that Mobil's action should have been one in quo warranto. Its argument is that only suits in the name of the state by the attorney general on his own motion or on motion of any affected party may be brought to enjoin the formation of a district or to contest the validity of any district or its bonds. Tex.Water Code Ann. § 56.083(b) (1972). Mobil makes no attack upon the validity of the drainage district or its bonds. The district was created sometime prior to 1912, and Mobil does not challenge the organizational process for the creation of the district. Such an action should be by way of quo warranto, Tex.Water Code Ann. § 56.083(b) (1972); *Walling v. North Central Texas Mun. Water Auth.*, 162 Tex. 527, 348 S.W.2d 532, 533 (1961); *Kuhn v. City of Yoakum*, 6 S.W.2d 91, 92 (Tex. Comm'n App.1928, judgmt. adopted), but Mobil's attack in this case is upon what it says is the unlawful annexation order of the lawfully constituted district.

■ We come now to the merits of the dispute. On April 15, 1974, the Matagorda Commissioners Court extended the boundaries of the district by an order annexing an additional 410,066 acres. Included in the annexed area were 178,557 acres of land covered by the Gulf of Mexico. Mobil holds an offshore lease on 1,440 acres of land covered by sixty-five feet of water and located eight miles from shore. After learning of the annexation order, and almost two years after it was handed down, Mobil filed this suit. Mobil contends that the inclusion of its leased lands is an unconstitutional exercise of annexing powers and a void application of section 1(4), article 8176b--1. That statute provides:

> If at the hearing it appears to the Commissioners Court that the drainage of the territory proposed to be annexed is feasible and practicable, and that it is needed, that the drainage would be conducive to the public health or would be a public benefit or a public utility (either sanitary, agricultural or otherwise) and that both the district and the territory proposed to be annexed would be benefited by the addition of such territory to the district, then the Court by order duly entered upon its Minutes shall so find and shall declare and decree such proposed territory to be annexed to the district and in said order shall by metes and bounds set forth a description of the territory added to the district and a description by metes and bounds of the district as enlarged. But if said Court finds any of said issues in the negative, it shall enter an order on its Minutes denying the petition for the annexation of such territory to the district.

The article states further that the annexation order "must exclude and not annex to the district those portions, if any, of the territory proposed by the petition to be added to the district as to which the Court shall find any of said issues in the negative." *See also* Tex.Water Code Ann. § 56.019(b) (1972). The Matagorda County Commissioners Court found in its annexation order that draining that part of the Gulf of Mexico was feasible, practicable, needed, would be conducive to the public

health, would be a public benefit, and that all of the annexed territory would be benefited by addition to the district.[2]

Matagorda operates under powers that are statutorily limited. It may construct and maintain canals, drains, ditches, levees and other necessary improvements. Tex. Water Code Ann. § 56.111 (1972). It may construct bridges and culverts across or under roads or railroads to facilitate the maintenance of those improvements. *Id.* §§ 56.-120, 56.121. It has no power, however, to do any of those things in the Gulf of Mexico. There must be benefits to the annexed lands.

The summary judgment proof, which includes the deposition of testimony of the county commissioners, negates any possibility that Matagorda has the capacity to drain the Gulf of Mexico. The district's commissioners were unanimous in their view that drainage of the annexed portion of the sea was neither possible nor intended. No one has been able to suggest any benefit to the annexed lands. In this instance, Matagorda cannot perform any of its functions or exercise any of its powers with respect to lands covered by the Gulf. If it could, such an exercise of power would, as a matter of law, be neither feasible nor needed. In annexing lands upon which it cannot perform the services that the water code authorizes it to perform, Matagorda acted beyond its limited powers. *City of Galena Park v. City of Houston*, 133 S.W.2d 162 (Tex.Civ.App.—Galveston 1939, writ ref'd); *Myles Salt Co. v. Board of Commissioners*, 239 U.S. 478, 36 S.Ct. 204, 60 L.Ed. 392 (1916).

Matagorda relies upon several precedents which uphold the annexation of submerged territory by cities and towns. The distinc-

tion between the broad powers of such municipalities and the limited powers of special districts such as drainage districts has been previously recognized by this court. *State ex rel. Pan American Production Co. v. Texas City*, 157 Tex. 450, 303 S.W.2d 780 (1957); *Tri-City Fresh Water Supply Dist. No. 2 of Harris County v. Mann*, 135 Tex. 280, 142 S.W.2d 945 (1940).

We hold that the annexation order was in excess of the statutory powers.

We reverse the judgments of the courts below and render judgment that the order annexing Mobil's leased lands to the Matagorda County Drainage District No. 3 is a nullity.

---

2. That the drainage of the territory proposed by the Petition to be annexed to Matagorda County Drainage District No. 3 of Matagorda County, Texas is feasible and practicable and is needed, that the drainage would be conducive to the public health, both within the territory proposed by the Petition to be annexed and within said drainage district as it now exists, and would be a public benefit and a public utility (both sanitary, agricultural and otherwise) and that both Matagorda County Drainage District No. 3 as it now exists and all of the territory proposed by the Petition to be annexed will be benefited by the addition of such territory to the existing District.