February 18, 2004

The Honorable Michael A. McDougal
Montgomery County District Attorney
301 North Thompson, Suite 106
Conroe, Texas 77301-2824

Opinion No. GA-0150

Re: Whether the Town Center Improvement District of Montgomery County is authorized to enter into a contract with a city to provide law enforcement services in unincorporated areas of Montgomery County (RQ-0097-GA)

Dear Mr. McDougal:

You ask about the Montgomery County Town Center Improvement District's authority to enter into a contract with a city to provide law enforcement services in unincorporated areas of Montgomery County. You also ask about the authority of a city police officer acting pursuant to such a contract.[1]

The Town Center Improvement District of Montgomery County (the "District") is a special district that the legislature created pursuant to a 1993 special law as "a governmental agency, a body politic and corporate, and a political subdivision of the state . . . to promote, develop, encourage, and maintain employment, commerce, economic development, and the public welfare in the Town Center area of Montgomery County." Act of May 13, 1993, 73d Leg., R.S., ch. 289, § 1(a), (e), 1993 Tex. Gen. Laws 1354, 1354. The legislature intended the District "to supplement and not supplant" services provided by Montgomery County and other entities in the District. Id. § 1(e). The legislature amended the District's enabling act in 1997 and 1999. See Act of May 10, 1997, 75th Leg., R.S., ch. 255, 1997 Tex. Gen. Laws 1188; Act of May 25, 1999, 76th Leg., R.S., ch. 1562, 1999 Tex. Gen. Laws 5371. The District has the authority of a municipal management district under Local Government Code chapter 375, subchapter E and the general law authority of conservation and reclamation districts and road districts, including the authority conferred by Water Code, chapters 49 and 54, and by Transportation Code, chapter 441. See Act of May 10, 1997, 75th Leg., R.S., ch. 255, § 3, 1997 Tex. Gen. Laws 1188, 1188-89 (amending section 6(a)).

You ask about the District's authority to enter into a contract with a city for law enforcement services. Request Brief, supra note 1, at v. You explain that the District encompasses an area in

---

[1]See Request Letter and Brief from Honorable Michael A. McDougal, Montgomery County District Attorney, to Honorable Greg Abbott, Texas Attorney General, at v (August 25, 2003) (on file with Opinion Committee) [hereinafter Request Brief].

Montgomery County that is unincorporated and is regularly patrolled by the county sheriff's office. *See id.* at 1. In addition, the District has interlocal contracts with two neighboring cities "to provide peace officers for additional law enforcement services referred to as 'enhanced Patrol Services.'" *Id.* Under the contracts, "Patrol Services" is defined to mean "patrol visibility, backup services to other law enforcement agencies, and traffic management services" and also includes "the enforcement of all laws of the State of Texas within the Patrol Area, including, where appropriate, the making of warrantless arrests." *Id.* at 1-2.

Your query focuses on section 49.216 of the Water Code. The District's enabling act specifically provides the District with authority under Water Code, chapter 49.[2] Section 49.216 provides a district with authority to "contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of" any offense. TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000).

This office recently addressed a drainage district's authority under section 49.216 to contract with another law enforcement agency for peace officers. *See* Tex. Att'y Gen. Op. No. JC-0530 (2002). The Interlocal Cooperation Act permits local governments to contract to provide services that each party is authorized to perform individually. *See* TEX. GOV'T CODE ANN. §§ 791.001-.032 (Vernon 1994 & Supp. 2004) (chapter 791). Attorney General Opinion JC-0530 concluded that the Interlocal Cooperation Act authorized a drainage district to contract with a city, which is statutorily authorized to provide police protection, for law enforcement services within the district given the district's law enforcement authority under section 49.216. *See* Tex. Att'y Gen. Op. No. JC-0530 (2002) at 4; *see also* Tex. Att'y Gen. LO-98-079, at 2-3.

Attorney General Opinion JC-0530 also addressed peace officers' authority to make arrests in the district when acting under such a contract. The opinion notes that an interlocal contract does not extend a local government's criminal law enforcement authority beyond its jurisdiction, *see* Tex. Att'y Gen. Op. No. JC-0530 (2002) at 5-6, and that a peace officer's authority to make arrests is more limited when the officer is outside his or her geographic jurisdiction, *see id.* at 1-3; *see also* TEX. CODE CRIM. PROC. ANN. arts. 2.13, 14.01, 14.03 (Vernon 1977 & Supp. 2004). However, the opinion concludes that peace officers acting under the drainage-district contract were district peace officers acting within their geographic jurisdiction and were fully authorized to make arrests within the district because "[t]he law enforcement authority exercised by peace officers within the drainage district pursuant to the arrangement is the authority of the district under section 49.216 . . . , not the authority of the city." Tex. Att'y Gen. Op. No. JC-0530 (2002) at 6. In other words, the drainage district contracted for law enforcement services in the exercise of its own law enforcement authority.

The brief submitted with your request asserts that section 49.216 of the Water Code authorizes the District to enter into the contract you describe. *See* Request Brief, *supra* note 1, at 3. Significantly, however, the District's enabling act contains a specific provision governing the District's authority to employ peace officers. When the legislature first passed the enabling act in

---

[2]*See* Act of May 10, 1997, 75th Leg., R.S., ch. 255, § 3, 1997 Tex. Gen. Laws 1188, 1188-89 (amending section 6(a)).

1993, the act provided that the District "shall not be authorized to employ peace officers." Act of May 13, 1993, 73d Leg., R.S., ch. 289, § 7(9), 1993 Tex. Gen. Laws 1354, 1359. The legislature amended and renumbered this provision as section 7(k) in 1999. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, 1999 Tex. Gen. Laws 5371, 5374 (amending and renumbering section 7(9) as 7(k)). Section 7(k) now provides that the District "may not employ peace officers, but may contract for off-duty peace officers to provide public safety and security services in connection with a special event, holiday, period with high traffic congestion, or similar circumstance." *Id.*

The District's enabling act provides that "[i]f any provision of the general law is in conflict or inconsistent with this Act, this Act prevails. Any general law which supplements the power and authority of the district, to the extent not in conflict or inconsistent with this Act, is adopted and incorporated by reference." Act of May 13, 1993, 73d Leg., R.S., ch. 289, § 6(b), 1993 Tex. Gen. Laws 1354, 1358. Section 49.216, which authorizes a water district to "contract for or employ its own peace officers with power to make arrests when necessary to prevent or abate the commission of" offenses, TEX. WATER CODE ANN. § 49.216(a) (Vernon 2000), conflicts with section 7(k), which specifically provides that the District "may not employ peace officers" except for specific events for limited purposes. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, sec. 7(k), 1999 Tex. Gen. Laws 5371, 5374. Therefore, section 49.216 does not apply to the District and does not authorize the District to enter into a contract for law enforcement services.

The District's authority to hire peace officers is governed by section 7(k). That provision's plain language precludes the District from directly employing peace officers. *See id.* ("The district may not employ peace officers . . . ."). Moreover, the second part of section 7(k), which permits the District to contract for off-duty peace officers, is clearly limited to special occasions and does not include the authority to contract for general, ongoing criminal law enforcement such as routine patrols. *See id.* (the District may "contract for off-duty peace officers to provide public safety and security services in connection with a special event, holiday, period with high traffic congestion, or similar circumstance").

The brief accompanying your request contends that while section 7(k) prohibits the District from employing peace officers, the enabling act permits the District to contract with cities to provide supplemental law enforcement services. *See* Request Brief, *supra* note 1, at 5. We disagree for several reasons.

First, construing the enabling act to allow the District to contract with cities for general law enforcement services such as routine patrols would render meaningless the second part of section 7(k), which expressly permits the District to contract for peace officers in limited circumstances. The specific authority to contract for peace officers "to provide public safety and security services in connection with a special event, holiday, period with high traffic congestion, or similar circumstance," Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, sec. 7(k), 1999 Tex. Gen. Laws 5371, 5374, would not be necessary if the District were authorized to contract for general law enforcement services. In order to give this language meaning, we must construe it to delineate the District's sole authority to contract for peace officers. *See Chevron Corp. v. Redmon*, 745 S.W.2d 314, 316 (Tex. 1987) (Texas Supreme Court "will give effect to all the words of a statute and not

treat any statutory language as surplusage if possible") (citing *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963)); *see also Tex. Workers' Comp. Ins. Fund v. Del Indus. Inc.*, 35 S.W.3d 591, 593 (Tex. 2000) ("It is settled that every word in a statute is presumed to have been used for a purpose . . . .") (citing *Perkins*, 367 S.W.2d at 146).

Second, section 7(k) limits the District to contracting for *off-duty* peace officers. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, sec. 7(k), 1999 Tex. Gen. Laws 5371, 5374. The fact that officers must be off-duty indicates that the District's authority is limited to contracting directly with peace officers, who serve other entities as on-duty peace officers, to work for the District during their off-duty hours. This authority does not embrace contracts with law enforcement agencies for services provided by their *on-duty* peace officers.

Finally, the enabling act does not vest the District with authority to enforce criminal laws[3] or to delegate such authority to a city. *See Tri-City Fresh Water Supply Dist. No. 2 v. Mann*, 142 S.W.2d 945, 948 (Tex. 1940) ("The powers of such [special] districts are measured by the terms of the statutes which authorized their creation, and they can exercise no authority that has not been clearly granted by the legislature."); *see also Mobil Oil Corp. v. Matagorda County Drainage Dist. No. 3*, 597 S.W.2d 910, 913 (Tex. 1980) (citing *Mann* with approval). Moreover, the District and a city may not by contract extend the city's law enforcement authority beyond the city's jurisdiction into an unincorporated area. *See* Tex. Att'y Gen. Op. No. JC-0530 (2002) at 5. The brief points out that the District is authorized under the enabling act to undertake "'improvement projects'" that include special or supplemental services for protecting public health and safety and "'improving, enhancing, and supporting public safety and security . . . and law enforcement'" and to enter into contracts with other governmental entities to accomplish an improvement project. Request Brief, *supra* note 1, at 6-7 (quoting Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, sec. 7(j), 1999 Tex. Gen. Laws 5371, 5374) (emphasis omitted); *see also* Act of May 25, 1999, 76th Leg., R.S., ch. 1562, §§ 1 (amending and renumbering section 2(5)(D)), 2 (amending and renumbering section 7(e)), 7 (amending section 13), 1999 Tex. Gen. Laws 5371, 5372-73, 5379 (defining "improvement project" and providing District's authority to enter contracts). These provisions may permit the District to support a law enforcement agency, such as the county sheriff's office, in providing law enforcement within the agency's jurisdiction. But they do not vest the District with law enforcement authority or authorize the District to contract for the services of a peace officer to exercise general law enforcement authority on its behalf.

In sum, the enabling act does not permit the District to employ peace officers to provide general law enforcement services either directly or under an interlocal contract like the one addressed in Attorney General Opinion JC-0530. Because we conclude that the District is not authorized to enter into a contract with a city to provide general law enforcement services outside the city's jurisdiction in unincorporated areas of Montgomery County, we need not reach your question about the authority of a city police officer acting pursuant to such a contract.

---

[3]The District's regulatory authority is limited to enforcing its rules and regulations by ordinary civil remedies. *See* Act of May 25, 1999, 76th Leg., R.S., ch. 1562, § 2, 1999 Tex. Gen. Laws 5371, 5373, 5374 (section 7(g), (n)).

## S U M M A R Y

The Town Center Improvement District of Montgomery County may not enter into a contract with a city to provide general law enforcement services outside the city's jurisdiction in unincorporated areas of Montgomery County.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee