ROBERTS *v.* RICHLAND IRRIGATION DISTRICT
ET AL.

No. 516. Argued February 16, 1933.—Decided March 27, 1933

*Mr. R. J. Venables,* with whom *Mr. Charles H. Farrell* was on the brief, for appellant.

*Mr. O. B. Thorgrimson,* with whom *Messrs. Harold Preston* and *L. T. Turner* were on the brief, for appellees.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

Richland Irrigation District is a corporation organized under the laws of Washington; and appellant owns forty acres of agricultural land within its limits. In 1920, at an election duly held, a majority of the votes cast (appellant objecting) authorized the Directors to issue and sell $538,000 of its interest-bearing bonds. This was done and the proceeds were devoted to improvements for irrigation purposes as contemplated. Interest on the bonds was made payable semi-annually; the principal in annual installments commencing July 1, 1931.

For ten years the Directors assessed against separate tracts of land lying within the District, in proportion to estimated benefits received by each from the improvements, such sums as were necessary to pay accruing obligations. Prior to 1931 the appellant paid a total of $1,168.65 on account of assessments against his land. In

January of that year the Directors threatened to make a further assessment of $757.53 to meet deficiencies resulting from failure of others to pay assessments against their lands.

It is now asserted that appellant's land was benefited no more than $350 by the improvements ($10 for each irrigable acre); that he has already paid far more than that sum, with interest; and that to require further contributions to discharge the obligation represented by the bonds would deprive him of property without due process of law and thus violate the XIV Amendment. By bill, filed January 12, 1931, in the Superior Court of Benton County, he sought an injunction forbidding the threatened action. The trial court sustained a demurrer. The Supreme Court affirmed the judgment [169 Wash. 156; 13 P. (2d) 437]; and in support of its action said [pp. 160–161]—

"An irrigation district is a public corporation having some of the powers of a municipal corporation. The bond obligation is a general corporate obligation. The landowner is not entitled to a segregation of his share of the obligation at the time it is created, or at a later time. There is no provision in the irrigation act for a segregation at any time. The obligation is a general one and all lands within the district are subject to taxation for the payment of the entire obligation. *State ex rel. Clancy* v. *Columbia Irrigation District*, 121 Wash. 79, 208 Pac. 27; *State ex rel. Wells* v. *Hartung*, 150 Wash. 490, 274 Pac. 181.

" In 1919 there was a due adjudication of the organization of the district determining the lands to be included within the district, the amount of bonds to be issued and the interest to be paid thereon. It must be conclusively presumed, from that adjudication, as we said in *State ex rel. Wells* v. *Hartung, supra,* ' . . . that the total benefits to the lands comprised in the district were then finally ad-

judicated. Each tract of land within the district then became generally liable for the payment of the bonds and interest.' . . . Under the statute (Rem. Comp. Stat., § 7434) all lands within the district became and will remain subject to specific assessment, in proportion to benefits, until the obligation is paid. The statute provides that irrigation district bonds and interest thereon shall be paid by revenue derived from an annual assessment upon the real property of the district ' . . . and all the real property in the district shall be and remain liable to be assessed for such payment until fully paid as hereinafter provided.' . . ."

Counsel for appellant admit that the Directors rightly assessed appellant's land so long as the total did not substantially exceed actual benefits received. They concede liability because of delinquencies within the limit of benefits; but they assert that the threatened assessment would create a substantially larger charge and therefore is not permissible. The sole question now presented, they submit, is this: To what extent has the Irrigation District the right to assess in order to provide for payment of delinquencies?

The Supreme Court of the State has declared that under her laws the obligation of the bonds is a general one; that " all lands within the District became and will remain subject to specific assessment, in proportion to benefits, until the obligation is paid." And thus the only question for our consideration—the federal one—is whether the State had power to create such a corporation as that court has declared the Irrigation District to be and to authorize the questioned assessment.

The power of a State to create local improvement districts with authority to lay taxes according to value, acreage, front foot, or benefits is definitely recognized by this Court. Also that the action of such a district in apportioning the burden of taxation cannot be assailed under

the XIV Amendment unless palpably arbitrary and a plain abuse. *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112, 176. *Houck* v. *Little River Drainage Dist.,* 239 U. S. 254, 262; *Miller & Lux* v. *Sacramento & San Joaquin Drainage Dist.,* 256 U.S. 129; *Valley Farms Co.* v. *Westchester County,* 261 U.S. 155.

If to meet a general obligation an irrigation district, proceeding under authority granted by the State, should lay a tax distributed according to value, there hardly could be reasonable doubt of its validity under the XIV Amendment. *Fallbrook Irrigation District* v. *Bradley, supra; French* v. *Barber Asphalt Paving Co.,* 181 U.S. 324; *Webster* v. *Fargo,* 181 U.S. 394. And in the present case we are unable to say that, because the assessment was distributed in proportion to estimated benefits, an exaction exceeding such benefits would amount to spoliation and represent a plain abuse of power. A general tax distributed in proportion to benefits received is not indicative of arbitrary action.

The principle applied in *Norwood* v. *Baker,* 172 U.S. 269, and similar cases, has no application here. Appellant's land will be assessed to meet a general obligation of the corporation; and the mere fact that the apportioned burden will exceed estimated benefits gives no color to the claim of confiscation. As pointed out in the cases cited, lands may be taxed to pay for local improvements although they receive no actual benefits. Never, as the Supreme Court of the State has said, was appellant entitled to the segregation of his share of the corporate obligation. The statute did not contemplate that assessments against any tract should be limited to payment of its increased value. A general obligation was created and every tract subjected thereto.

*Affirmed.*

MR. JUSTICE SUTHERLAND took no part in the consideration or decision of this case.