CHESEBRO *v.* LOS ANGELES COUNTY FLOOD
CONTROL DISTRICT ET AL.

No. 368.   Argued February 1, 2, 1939.—Decided March 27, 1939.

Mr. *Bourke Jones,* with whom *Messrs. Ray L. Chesebro, Frederick Von Schrader,* and *William H. Neal* were on the brief, for appellants.

Mr. *W. B. McKesson,* with whom *Mr. U. T. Clotfelter* was on the brief, for appellees.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Appellant maintains that a California statute authorizing an administrative board to levy special assessments on his land within a flood control district created by the legislature to pay cost of local improvements and facilities and of their operation, maintenance, and betterment, without providing him an opportunity to be heard on the question of benefits, is repugnant to the due process clause of the Fourteenth Amendment.

Chapter 755, Statutes 1915, creates the Los Angeles flood control district. Section 2 declares that the purposes of the act are to provide for the control of the flood and storm waters of the district, to conserve them for beneficial uses, and to protect the property within the district from damage by flood or storm waters. Section 16 empowers the board of supervisors of the district to construct all improvements and to acquire all property that is necessary or useful for carrying out the purposes of the act.

Chapter 642, Statutes 1937, added § 13½ to the flood control act. It provides: The board of supervisors of the district may accept on its behalf, a transfer and conveyance of "all, but not less than all," storm drain improvements, drainage improvements or drainage systems of defined classes lying within the district. Upon conveyance to the district of any such drainage works it shall become liable for principal and interest of bonds thereafter maturing which were issued by any drainage district to pay the cost of constructing the transferred property. For that purpose the board shall levy a special tax each year upon the taxable real estate in the district.

A map, that with appellant's consent is included in appellees' brief, shows that the flood control district is within and nearly as large as Los Angeles county which contains almost 4,000 square miles and that within it there are eleven drainage districts, two of which were organized under Chapter 258, Statutes 1903, and amendatory acts, and nine of which were organized under Chapter 354, Statutes 1919, and amendatory acts.*

Appellant and the city of Los Angeles presented to the highest court of the State their petition for a peremptory writ of mandate. In substance it alleges: Petitioners own taxable real property within the flood control district and outside the drainage districts. December 1, 1937, the board of supervisors of the district accepted a transfer to the district of the improvements and systems of the eleven drainage districts. The board intends to levy annual special assessments against all real estate in that

---

*The two districts organized under the act of 1903 and amendatory acts are No. 1, containing 2093 acres, and No. 3, containing 835 acres. The numbers and areas of the nine organized under the act of 1919 and amendatory acts are as follows: 8,—5785 acres; 9,—503 acres; 11,—3067 acres; 17,—103 acres; 22,—4017 acres; 23,—8786 acres; 25,—72 acres; 26,—2199 acres; 29,—1261 acres.

district sufficient to meet the outstanding obligations in-
curred on account of the works so transferred. The levy
of these assessments will be illegal in that they will be
levied against property situated in the flood control dis-
trict to pay the debts and obligations of other special
assessment districts without regard to the accrual of bene-
fits to the lands assessed and will deprive petitioners of
their property without due process of law in violation of
the Fourteenth Amendment. The petition prays a per-
emptory writ of mandate to require appellees to levy
assessments in accordance with Chapter 755, Statutes
1915, as it was prior to the addition of § 13½ and to
command them to refrain from levying any assessment
under that section.

Appellees demurred on the ground that the petition
failed to state facts sufficient to constitute a cause of
action. The state court sustained that contention and
denied the writ. It ruled: A finding by the legislature
that lands within the flood control district would be bene-
fited by that district's acquisition of the works of the
drainage districts is conclusive unless shown to be with-
out reasonable foundation. It must be presumed that,
by designating in § 13½ the improvements authorized
to be transferred, the legislature found that the entire
flood control district would be specially benefited by the
acquisition. The particularity of the description implies
such a finding. The finding thus implied is as fully effec-
tive as if declared in express terms in the act itself.

Petitioners appealed to this court; appellees moved,
as to the city, to dismiss or affirm on the ground that no
federal question was involved; and, as to both appellants,
on the grounds that no substantial federal question was
presented, and that the decision below rests upon ade-
quate non-federal grounds. We dismissed the city's ap-
peal for want of a substantial federal question and post-
poned to the hearing on the merits further consideration

of the question of jurisdiction and of the motion to dismiss or affirm. 305 U. S. 564.

That motion is denied. The validity of the statute under the federal constitution was by the petition appropriately drawn in question and in substance the decision of the state supreme court is in favor of its validity. See *Bryant* v. *Zimmerman,* 278 U. S. 63, 67–69. Its judgment does not depend upon characterization of the statute or mere interpretation of the language employed. Its decision is to the effect that the legislature found that the real property within the flood control district would be specially benefited by the acquisition of the district drainage works and that therefore the appellant and other owners are not entitled to be heard on the question of benefits. Appellant contends there is no foundation for the ruling that the legislature made that determination and that, as put in operation and effect by the State, § 13½ deprives him of his constitutional right to be heard. See *St. Louis S. W. Ry. Co.* v. *Arkansas,* 235 U. S. 350, 362. *Mountain Timber Co.* v. *Washington,* 243 U. S. 219, 237. *Railroad Commission* v. *Eastern Texas R. Co.,* 264 U. S. 79, 86. *Mason Co.* v. *Tax Comm'n,* 302 U. S. 186, 206–207. We are unable to say that the question is foreclosed by our decisions or that it is so clearly not debatable as to require dismissal for lack of substance. *Hamilton* v. *Regents,* 293 U. S. 245, 258. *Alton Railroad Co.* v. *Illinois Commerce Comm'n,* 305 U. S. 548. Nor do we find any merit in the contention that the judgment rests upon an independent non-federal ground.

But we are of opinion that the judgment is right and must be affirmed.

In the absence of flagrant abuse or purely arbitrary action, the State, consistently with the federal constitution, may establish local districts to include real property that it finds will be specially benefited by drainage, flood

control, or other improvements therein, and, to acquire, construct, maintain and operate the same, may impose special tax burdens upon the lands benefited. *Hagar* v. *Reclamation Dist.*, 111 U. S. 701, 704–705. *Spencer* v. *Merchant*, 125 U. S. 345, 355. *French* v. *Barber Asphalt Paving Co.*, 181 U. S. 324, 342. And see *Houck* v. *Little River Drainage Dist.*, 239 U. S. 254, 262. And where, within the scope of its power, the legislature itself has found that the lands included in the district will be specially benefited by the improvements, prior appropriate and adequate inquiry is presumed, and the finding is conclusive. *Parsons* v. *District of Columbia,* 170 U. S. 45, 52. *Wagner, Inc.* v. *Leser,* 239 U. S. 207, 218. *Withnell* v. *Ruecking Const. Co.,* 249 U. S. 63, 69. *Hancock* v. *Muskogee,* 250 U. S. 454, 458. *Branson* v. *Bush,* 251 U. S. 182, 189–190. *Valley Farms Co.* v. *Westchester,* 261 U. S. 155, 162 *et seq.* *Milheim* v. *Moffat Tunnel Dist.,* 262 U. S. 710, 721. But where the district was not directly created by the legislature and there has been no determination by it that their property will be benefited by the local improvements the owners are entitled, under the due process clause of the Fourteenth Amendment, to be heard by some officer or tribunal empowered by the State to hear them and to consider and decide whether their lands will be specially benefited. *Fallbrook Irrigation Dist.* v. *Bradley,* 164 U. S. 112, 167. *Embree* v. *Kansas City Road Dist.,* 240 U. S. 242, 247. *Browning* v. *Hooper,* 269 U. S. 396, 405, 406.

The legislature need not adopt any form of statement or finding for, in the enforcement of restraints imposed by the federal constitution upon the power of States to assess and collect taxes, this Court regards the substance of their enactments as controlling rather than mere forms of expression employed. *Londoner* v. *Denver,* 210 U. S. 373, 385. Appellant does not suggest that as a matter of fact his land is not by the drainage works specially bene-

fited or that a finding that it is so benefited would be without foundation or arbitrary. Indeed, he concedes that, if the legislature either by designating the territory to comprise the district or by expressly so declaring has made the finding, he is bound by it.

As shown by the opinion below, the state court long before the addition of § 13½, held that the mere passage of the flood control act, which did not contain a direct statement to that effect, "must be taken to import a finding by the legislature that the proposed work will answer a public purpose and that its execution will benefit the land within the district to such an extent as to warrant the imposition upon such land of the cost in the manner provided. The findings thus implied are as fully effective as if declared in express terms in the act itself." *Los Angeles Flood Control Dist.* v. *Hamilton,* 177 Cal. 119, 124–125; 169 P. 1028, 1030. The court deemed that language applicable in disposing of appellant's contentions in this case. And we think that as the legislature had knowledge of that decision when enacting the challenged provision, it must be given great weight in determining the validity of § 13½.

The flood control district had long been in existence and empowered to acquire property necessary for its purposes. Section 13½ limited the board's authority to acceptance of "all, but not less than all" the drainage works and defined the tax burden to be imposed. The legislation is not to be distinguished from a measure to take effect upon an event unrelated to the creation of the district or the imposition of special assessments.

No question is raised as to the validity of the flood control district or its authority to levy special assessments on lands within it. By the enactment of the challenged section, the legislature unquestionably intended that the use of the drainage works should not be limited to the purposes for which originally they were intended but

that they should also be used in connection with other facilities for the purposes of the flood control district. The challenged section was not enacted to create a new assessment district but specially to authorize the one already established to accept, maintain, and use the designated improvements for some of the purposes enumerated in the flood control act. The essential features of the challenged statute necessarily imply special benefits to the lands in question. We think the state court's ruling that impliedly the legislature made the requisite findings is not without adequate foundation. Mere lack of formal or express statement of them is not sufficient to require reversal.

*Judgment affirmed.*