J. M. PARKER, Appellant,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 16342.

Court of Civil Appeals of Texas, San Antonio.

Dec. 17, 1980.

J. M. Parker, San Antonio, pro se.

Jane H. Macon, Crawford Reeder, Seagal V. Wheatley and Mary Elizabeth Carmody, Oppenheimer, Rosenberg, Kelleher & Wheatley, San Antonio, for appellees.

## OPINION

MURRAY, Justice.

J. M. Parker, appellant, a citizen and resident and taxpayer of the City of San Antonio, Bexar County, Texas, filed this suit against the City of San Antonio, Thomas E. Huebner, its City Manager, and Carl White, its Director of Finance, appellees, seeking to enjoin appellees from expending public funds in furtherance of a scheme whereby the appellees had agreed to acquire certain parcels of land for the express purpose of then leasing them for a period of 55 years to San Antonio 2000, Ltd., a Texas limited partnership, for the construction of a hotel. San Antonio 2000, Ltd., filed an intervention in this suit. Appellant alleges that the expenditure of public funds to further the scheme entered into by appellee and intervenor clearly violates the provisions of Tex.Const. Art. III, § 52 and Art. IX, § 3, and also violates certain provisions of the City Charter of the City of San Antonio and is therefore illegal.

After a hearing, the court granted intervenor's motion to dismiss and appellant has perfected his appeal to this court.

It is apparent from the record in this case that at the time of the hearing, the City of San Antonio had theretofore bought and paid for the land and entered into a lease with intervenor. Thus, it is no longer possible to grant appellant injunctive relief.

We agree with the appellant that a taxpayer has standing to bring a suit to enjoin the illegal expenditure of public funds. *Kordus v. City of Garland*, 561 S.W.2d 260 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.); *Hacher v. Webb County*, 563 S.W.2d 693 (Tex.Civ.App.—San Antonio 1978, writ ref'd n.r.e.).

It is equally well settled that only a public officer may prosecute a suit to recover any sums that may have been illegally expended after a public contract has been performed. *Hoffman v. Davis*, 128 Tex. 503, 100 S.W.2d 94 (Comm'n App. 1937, opinion adopted). In *Hoffman*, the court stated:

> The right of a taxpaying citizen to go into a court of equity and enjoin public officials from the expenditure of public funds under an illegal contract is given general recognition. It has received the sanction of this Court. (citation omitted). Our investigation of the question has led us to the conclusion that in a large majority of the cases from other jurisdictions it is held that the right to enjoin cannot be distinguished in principle from the right to maintain a suit for restoration of money unlawfully expended, and it is accordingly held that taxpaying citizens may institute and prosecute suits as well in one class of cases as in the other. But our decisions have established a contrary rule for this jurisdiction.

Petitioner urges, however, that he is entitled to have the contract between appellee and intervenor declared to be illegal and void even though he cannot maintain a suit for public funds allegedly paid out illegally. We disagree.

The common law rule on standing of a citizen to maintain an action based on his status as a taxpayer is, absent statutory authority, that he must allege an injury or

damage other than as a member of the general public. *Scott v. Board of Adjustment,* 405 S.W.2d 55 (Tex.1966); *San Antonio Conservation Society v. City of San Antonio,* 250 S.W.2d 259 (Tex.Civ.App.—Austin 1952, writ ref'd). *See also Hulett v. West Lamar Rural High School District,* 149 Tex. 289, 232 S.W.2d 669 (1950).

Since appellant's case to enjoin the illegal expenditure of public funds is moot and appellant has no standing to have this scheme declared illegal and void, the trial court correctly granted the motion to dismiss.