SOUTH WEST PROPERTY TRUST,
INC. and SWP Properties I,
L.L.P., Appellants,

v.

DALLAS COUNTY FLOOD CONTROL
DISTRICT NO. 1, Appellee.

No. 05–97–00399–CV.

Court of Appeals of Texas,
Dallas.

Oct. 3, 2001.

Supplemental Opinion on Overruling of
Rehearing April 4, 2002.

Martin J. Lehman, Tim Kirk, Heather M. Harvey, Miller & Lehman, P.C., Dallas, for appellants.

James D. Blume, Blume & Stoddard, W. Alan Wright, LaDawn H. Conway, Haynes & Boone, L.L.P., Dallas, Joe Putnam, Irving, for appellee.

Before Justices KINKEADE, MOSELEY, and O'NEILL.

## OPINION

MOSELEY, Justice.

South West Property Trust, Inc. ("South West") and SWP Properties I, L.L.P. ("SWP"), appeal a summary judgment granted in favor of the Dallas County Flood Control District, No. 1 ("District"). In nine points of error, South West and SWP assert, *inter alia*, that the trial court erred in granting the District's motion for summary judgment on their claims under the Private Real Property Rights Preservation Act ("Act"). TEX. GOV'T CODE ANN. §§ 2007.001–.045 (Vernon 2000). For the reasons set forth below, we reverse that portion of the summary judgment disposing of SWP's claims under the Act and remand those claims to the trial court for further proceedings. We vacate that portion of the summary judgment awarding attorney's fees against SWP and affirm the award of attorney's fees against South West. We affirm the remaining portion of the summary judgment.

## BACKGROUND

The District is a conservation and reclamation district under article XVI, section 59 of the Texas Constitution. The District was originally created in 1976 by the Dallas County Commissioners Court and was subsequently validated by a special act of the Texas Legislature. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 600, § 2, 1987 Tex. Gen. Laws 2350, 2352–55. The Legislature declared the District was a governmental agency and body politic. It also validated the boundaries of the District as set out in the deed records of Dallas County, and specifically found the property included in the District would benefit from the works and projects to be accomplished by the District.

The Texas Constitution expressly allows districts, such as the one before us, to issue bonds and levy taxes subject to voter approval. TEX. CONST. art. XVI, § 59. The Legislature authorized the District to issue bonds and levy and collect ad valorem taxes on all taxable property in the District. The Texas Water Code also expressly permits taxation on an ad valorem basis. TEX. WATER CODE ANN. § 57.251 (Vernon 1988). Both the Texas Constitution and the water code require that the level of taxation be sufficient to pay the interest on the bonds and to create a sinking fund sufficient to pay the bonds at maturity. TEX. CONST. art. XVI, § 59; TEX. WATER CODE ANN. § 57.251.

In 1982, the District's voters authorized the District to issue $19,250,000 in bonds and assess an ad valorem tax. In 1988, the District's taxpayers voted in favor of an additional $30,000,000 in bonds for flood control purposes. The bonds were approved by the attorney general and issued, and are now incontestable. After the bonds issued, the District levied taxes on property located within the District on an ad valorem basis to satisfy its obligations to the bondholders.

In June 1993, South West purchased an apartment complex located within the District. South West voluntarily paid the 1993 ad valorem taxes. In January 1994, South West transferred the property to SWP. SWP is wholly owned by South West.

In January 1995, South West and SWP filed suit against the District contesting the ad valorem tax. They complained their tax funds were being used for expenditures the District made in association with, but not in accordance with, a 1983 land reclamation plan ("Plan"). They further asserted SWP's property was not located in the flood plain and that the property received no benefit from the District's expenditure of bond funds. Appellants alleged the District's tax on SWP's property violated several provisions of the United States and Texas Constitutions and that the taxation constituted a "taking" under the Act. They sought a permanent injunction to prevent the District from collecting the taxes and a declaration that the ad valorem taxes were illegal and uncollectible. They also sought recovery of the 1993 taxes already paid. They did not complain about the inclusion of SWP's property in the District.

The District first moved for summary judgment under Texas Rule of Civil Procedure 166a(c), asserting South West lacked standing because it did not own property located in the District. The District also asserted that neither South West nor SWP could recover the 1993 taxes because the taxes were voluntarily paid. The trial court granted partial summary judgment, concluding South West had no standing to bring the suit and that any claim for a refund of the 1993 taxes was waived.

The District filed a second motion for summary judgment under Texas Rule

of Civil Procedure 166a(c), seeking summary judgment as to SWP's remaining claims for declaratory and injunctive relief. The District asserted, among other things, that it was entitled to judgment as a matter of law because (1) the complained-of tax was required by law, (2) SWP cannot complain of past illegal expenditures, (3) the ad valorem tax was not unconstitutional, and (4) the tax was not a "taking" under the Act. The District again requested its reasonable and necessary attorney's fees. The trial court granted the District's second motion for summary judgment, rendered a final take-nothing judgment against appellants, and awarded the District its attorney's fees. The order granting summary judgment did not state the grounds upon which the trial court relied.[1]

### CLAIMS BY SOUTH WEST PROPERTY TRUST, INC.

The trial court's partial summary judgment disposed of South West's claims against the District on two grounds: that South West lacked standing to pursue the alleged claims and that any claim to recover the 1993 taxes was waived. This partial summary judgment was incorporated into and became a part of the final judgment. See H.B. Zachry Co. v. Thibodeaux, 364 S.W.2d 192, 193 (Tex.1963). Appellants have not challenged the partial summary judgment ruling disposing of South West's claims on the ground that it lacked standing. Therefore, we affirm the summary judgment disposing of South West's claims. See Malooly Bros., Inc. v. Napier, 461 S.W.2d 119, 121 (Tex.1970); Holloway

v. Starnes, 840 S.W.2d 14, 23 (Tex.App.—Dallas 1992, writ denied). Accordingly, we address appellants' points of error one through five with respect to SWP only. See TEX.R.APP. P. 47.1.

### CLAIMS BY SWP PROPERTIES I, L.L.P.

In its first five points of error, SWP contends the trial court erred in granting the District's motions for summary judgment. Specifically, it complains the trial court erred in granting the District summary judgment because: (1) the District failed to submit any evidence (other than an affidavit regarding attorney's fees) in support of its second motion for summary judgment; (2) the District failed to conclusively negate an element of each of SWP's causes of action; (3) the District failed to conclusively prove all elements of any properly pleaded affirmative defense; (4) the summary judgment evidence submitted by SWP created genuine issues of material fact; and (5) the grounds expressly raised by the District in its second motion for summary judgment are not legally sufficient defenses to SWP's causes of action.

Under these points of error, SWP asserts that (1) it did not lack standing, nor did it waive the right, to contest the levy of the 1993 taxes, (2) the levy of the ad valorem taxes violated SWP's substantive and procedural due process rights and constituted a denial of equal protection under the United States Constitution, (3) the levy of taxes violated the Texas constitutional requirement that taxes be uniform, levied for a public purpose, and equitably distrib-

1. The trial court sent a letter to the attorneys for SWP and the District stating that the court was "persuaded that the law of this State does not allow the legality of past expenditures by a political subdivision to be raised by a taxpayer either in defense of a suit to collect taxes, or in a suit to enjoin taxation," and that the District's motion was granted. However, because no reasons were listed in the order granting summary judgment, we will review the case to determine if any of the grounds asserted for summary judgment were meritorious. See RRR Farms, Ltd. v. Am. Horse Prot. Ass'n, Inc., 957 S.W.2d 121, 126 (Tex.App.—Houston [14th Dist.] 1997, pet. denied).

uted, and (4) the District's levy of taxes constituted a taking under the Act.

## STANDARD OF REVIEW

The standards for reviewing a summary judgment are well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *See MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986) (per curiam). A defendant moving for summary judgment must either (1) disprove at least one element of the plaintiff's theory of recovery, or (2) plead and conclusively establish each essential element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex.1979); *Zep Mfg. Co. v. Harthcock*, 824 S.W.2d 654, 657 (Tex.App.—Dallas 1992, no writ).

## 1993 TAXES

■ SWP purports to challenge the District's first motion for summary judgment with respect to whether it waived its rights to contest the 1993 taxes already paid. The District asserts that, because SWP voluntarily paid the 1993 taxes, it waived any right to seek judicial relief from the assessment of those taxes. The District further claims SWP has no right to contest the taxes before or after paying them. SWP asserts that it is disingenuous to contend that by failing to exercise a right it did not have, SWP waived the right to contest the 1993 taxes. However, SWP provides no argument or authority to show that the summary judgment on this claim was improper. Therefore, we affirm the

summary judgment against SWP with respect to waiver regarding the 1993 taxes. *See* TEX.R.APP. P. 38.1(h); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex.App.— Dallas 1999, no pet.); *State Farm Lloyds, Inc. v. Williams*, 960 S.W.2d 781, 789 (Tex. App.—Dallas 1997, pet. dism'd by agr.); *Bowles v. Clipp*, 920 S.W.2d 752, 761 (Tex. App.—Dallas 1996, writ denied).

## CONSTITUTIONALITY

SWP also urges that the trial court erred in granting the District's second motion for summary judgment on SWP's claims the ad valorem taxes were unconstitutional.

### A. Summary Judgment Evidence

■ Initially, SWP complains the trial court erred in granting the District's second motion for summary judgment because the only evidence attached to the motion was an affidavit on attorney's fees. The District moved for summary judgment on the ground that the undisputed material facts showed, as a matter of law, the contested tax was constitutional and could not be considered a "taking." SWP's own summary judgment evidence demonstrates the material facts were not in dispute. *See Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex.1995) (per curiam) (movant may rely on nonmovant's summary judgment evidence). Because the summary judgment presented a question of law based on undisputed facts, the District's failure to attach summary judgment evidence to its motion was not fatal to the motion. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex.1983).

### B. Issues Under the United States Constitution

#### 1. Substantive Due Process

■ SWP first argues the trial court erred in granting summary judgment

against its substantive due process claim because its property did not receive any benefits from the taxation. However, the Legislature may create local improvement districts with authority to levy taxes according to value, acreage, or benefits. *See Roberts v. Richland Irrigation Dist.*, 289 U.S. 71, 74, 53 S.Ct. 519, 77 L.Ed. 1038 (1933). Taxation by such districts cannot be assailed on substantive due process grounds unless the taxation is "palpably arbitrary and a plain abuse." *See id.* at 74–75, 53 S.Ct. 519; *Chesebro v. Los Angeles County Flood Control Dist.*, 306 U.S. 459, 463–64, 59 S.Ct. 622, 83 L.Ed. 921 (1939); *Valley Farms Co. v. Westchester County*, 261 U.S. 155, 163, 43 S.Ct. 261, 67 L.Ed. 585 (1923). Therefore, the issue is whether the District's tax on SWP's property is palpably arbitrary and a plain abuse if the property has received no benefit from being included in the District.

In *Hydrocarbon Production Co. v. Valley Acres Water District*, 204 F.2d 212 (5th Cir.1953), the Fifth Circuit addressed a claim similar to SWP's claim in this case. In *Hydrocarbon*, the plaintiff filed suit to enjoin the collection of ad valorem taxes imposed by a district created by the Texas Legislature under article XVI, section 59 of the Texas Constitution. 204 F.2d at 215–16. The Legislature had found all the land to be included in the district would benefit from its creation. *See id.* at 215. The plaintiff, which owned the mineral estate in real property located in the district, asserted it could not benefit from the district's activities, and that the legislative determination of benefits was "palpably wrong" and constituted a "gross abuse of discretion." *Id.* at 215–16. The Fifth Circuit disagreed. The court held the Legislature could properly authorize the district to tax all property within the district on an ad valorem basis, even though the district's activities would result in great benefit to some property owners in the district

and little or no benefit to others. *See id.* at 219. Consequently, the complained-of tax was not "palpably arbitrary" or a "plain abuse" and did not violate the plaintiff's due process rights. *See id.*

■ While the *Hydrocarbon* decision is not binding on this Court, we find the logic of the decision instructive. SWP here complains, as did the property owner in *Hydrocarbon*, that its property has not, in fact, benefitted from the District's activities. Specifically, SWP challenges the District's right to tax its property on an ad valorem basis when the property received no benefits from the taxation, and asserts it should not have to pay taxes to repay the bondholders because its property has not actually benefitted from the District's expenditures. However, taxation of property with no direct benefits to the property does not amount to a palpable and arbitrary abuse of power absent an issue as to whether the *actual inclusion* of the property within the district was arbitrary and constituted an abuse of power. *See Hydrocarbon*, 204 F.2d at 219.

■ SWP did not claim, either at trial or on appeal, that the inclusion of SWP's property in the District was arbitrary or constituted an abuse of power, nor did SWP claim any improper action or motive with respect to the Legislature's prospective finding that the property would benefit by its inclusion. Rather, SWP challenged only the District's right to tax the property on an ad valorem basis when the property received no benefits from that taxation. We believe these arguments are separate and discrete, and we will not read the latter (that the property could not be taxed because it received no benefits) to implicitly include the former (that the inclusion of property was itself wrongful). Taxation of property with no direct benefits to the property does not amount to a

palpable and arbitrary abuse of power unless its initial inclusion in the District was itself a palpable and arbitrary abuse of power. Absent a specific claim that inclusion of SWP's property in the District constituted a violation of SWP's substantive due process rights, the District's tax on SWP's property cannot be "palpably arbitrary" or a "plain abuse." *See id.*

SWP's reliance on *Mobil Oil Corp. v. Matagorda County Drainage District No. 3*, 597 S.W.2d 910 (Tex.1980), is misplaced. In that case, the only issue presented was whether the drainage district had the authority to annex land covered by the Gulf of Mexico. The Texas Supreme Court determined the district's action was an unconstitutional exercise of the district's annexation powers, which were statutorily limited to annexation of lands that would benefit from annexation. *Id.* at 913. The case did not involve a district's authority to tax property within its jurisdiction on an ad valorem basis.

SWP also cites *Myles Salt Co. v. Board of Commissioners of Iberia & St. Mary Drainage District*, 239 U.S. 478, 36 S.Ct. 204, 60 L.Ed. 392 (1916), in support of its contention that the District's taxes violate substantive due process. In *Myles Salt*, the plaintiff alleged its property was included in the district for the *sole purpose* of obtaining revenues, it being clear the property could never benefit from the activities of the district either directly or indirectly. *Id.* at 480, 36 S.Ct. 204. Under these circumstances, the United States Supreme Court held the plaintiff alleged facts showing inclusion of its property in the district was palpably arbitrary and a plain abuse of power. *See id.* In reaching its decision, the Court focused not on the lack of actual benefit to the plaintiff's property, but rather on the improper motives behind the inclusion of the property in the district. *See id.*

We recognize that, in some cases, whether property will benefit from a district's ad valorem taxation is relevant to whether a district's taxation is palpably arbitrary and a plain abuse. In this case, the Texas Legislature created the District under article XVI, section 59 of the Texas Constitution and specifically validated the District's existence and boundaries. The Legislature prospectively found all property in the District would benefit from inclusion in the District. The Legislature also specifically authorized the District to tax land within its jurisdiction on an ad valorem basis. SWP, however, alleges its property has not *in fact* benefitted from inclusion in the District. Neither SWP's allegations nor its proof addresses the *prospective* benefits it might gain from inclusion in the District, much less the prospective benefits the Legislature may have considered when it validated the property's inclusion in the District. Thus, even if a consideration of benefits was appropriate, SWP has failed to address the appropriate benefits issue; therefore, *Myles Salt* is not applicable to this case.

 SWP also argues the trial court erred in granting summary judgment against SWP on its substantive due process claim because the tax funds are being used to pay for unlawful expenditures. A tax levied to repay bonds issued by a governmental entity is not unlawful even though the bond proceeds were used for an unauthorized purpose. *See Dwyer v. Hackworth*, 57 Tex. 245, 251 (1882); *see also Rawson v. Brownsboro Indep. Sch. Dist.*, 263 S.W.2d 578, 579 (Tex.Civ.App.— Dallas 1953, writ ref'd n.r.e.) (taxpayers cannot obtain an injunction to avoid paying tax to pay off allegedly unlawfully raised bond money); *Boesch v. Byrom*, 37 Tex. Civ.App. 35, 83 S.W. 18, 20 (1904, writ ref'd) (bondholder is a necessary party in suit seeking to enjoin tax levied for pay-

ment of bonds). Therefore, the ad valorem tax does not violate SWP's substantive due process rights simply because the District used bond funds for illegal purposes.[2]

We conclude the ad valorem tax on SWP's property does not violate SWP's substantive due process rights. Consequently, we overrule points of error one through five inasmuch as they relate to SWP's substantive due process claims.

### 2. Procedural Due Process

 SWP next asserts the trial court erred in granting summary judgment on its procedural due process claim. Specifically, it complains the District has provided no remedy to contest unlawful taxes. Again, SWP does not complain of any lack of "process" with respect to the initial inclusion of the property in the District, nor does it assert the procedural requirements for issuing the bonds and levying of the taxes were not followed. Instead, SWP contends it is being denied due process because it cannot, at this time, contest the tax on the basis that SWP's property has received no benefit from the District's past illegal expenditures. SWP does not direct us to any particular process that was due, asserting only that it must be given some remedy against unconstitutional taxes. SWP fails to acknowledge that it has, by this very lawsuit, been given the opportunity to contest the constitutionality of the taxation of its property. That SWP has not prevailed in its contest does not amount to a denial of procedural due process. Therefore, we overrule points of error one through five in as much as they relate to SWP's procedural due process claims.

### 3. Equal Protection

 SWP next claims the District's taxation of SWP's property constituted a denial of equal protection. SWP provides no argument or authority to support this contention. Consequently, nothing is presented for review. *See Kang*, 992 S.W.2d at 503; *Williams*, 960 S.W.2d at 789; *Bowles*, 920 S.W.2d at 761.

## C. Issues Under the Texas Constitution

### 1. Equal and Uniform Taxation

 SWP asserts the trial court erred in rendering summary judgment against it on its claim under article VIII, section 1 of the Texas Constitution, which requires all taxes to be equal and uniform. SWP asserts article VIII, section 1 requires that taxation be proportional to benefits received. We disagree. The constitutional requirement of equality and uniformity is met when taxation is uniformly assessed on an ad valorem basis on all taxable property without regard to benefits received. *See Wheeler v. City of Brownsville*, 148 Tex. 61, 220 S.W.2d 457, 461 (1949). Therefore, the taxation of SWP's property did not, as a matter of law, violate article VIII, section 1.

SWP's reliance on *Hengy v. Dallas County Levee Improvement District, No. 6*, 199 S.W.2d 230 (Tex.Civ.App.—Waco 1946, no writ), is misplaced. In *Hengy*, the act creating the district required that taxes be assessed in proportion to the benefits received. *Id.* at 233. In such circumstances, the district was required to properly assess the benefits to each property. *See id.* at 234. In the case before

---

**2.** We note remedies do exist to provide relief when bond funds are being used for illegal purposes. First, a taxpayer may seek to enjoin the expenditures *before* they are made. *See Parker v. City of San Antonio*, 609 S.W.2d 877, 878 (Tex.Civ.App.—San Antonio 1980, no writ). After the unlawful expenditures are made, a public officer may file suit to recoup the funds. *See Hoffman v. Davis*, 128 Tex. 503, 100 S.W.2d 94, 95–96 (1937).

us, the District is authorized to assess taxes on an ad valorem basis rather than on the basis of special benefits. Contrary to SWP's assertion, all districts are not required to assess taxes in proportion to benefits received. *See, e.g.,* TEX. WATER CODE ANN. § 57.251 (Vernon 1988).

## 2. Taxes Levied For A Public Purpose

■ SWP next asserts the tax violates article VIII, section 3 of the Texas Constitution because the taxes were not levied for public purposes. However, it is undisputed the bonds were approved by the attorney general, have issued, and are incontestable. *See Yoakum County Water Control & Improvement Dist. v. First State Bank,* 449 S.W.2d 775, 779 (Tex. 1969). Thus, the District is not only permitted, but is *constitutionally required,* to levy such taxes as necessary to repay the bonds. *See* TEX. CONST. art. XVI, § 59.

■ SWP, on the other hand, asserts that only some of the bond funds were expended for private purposes and, therefore, SWP's property cannot be taxed to pay those bonds. The only authority SWP cites is an excerpt from *Texas Jurisprudence* that stands for the general proposition that taxation must be for public purposes. We therefore conclude this point is inadequately briefed and presents nothing for review. *See Williams,* 960 S.W.2d at 789; *Bowles,* 920 S.W.2d at 761.

## 3. Equitably Distributed Taxes

■ SWP also asserts the taxation of SWP's property violates article XVI, section 59 because the taxes were not "equitably distributed." SWP asserts taxation that is not in proportion to benefits received does not represent equitably distributed taxation. Contrary to SWP's position, taxation of property on an ad valorem basis is equitable distribution of taxes. *See Dallas County Levee Dist.*

*No. 2 v. Looney,* 109 Tex. 326, 207 S.W. 310, 312–13 (1918).

We overrule points of error one through five to the extent they relate to SWP's claims under the Texas Constitution.

## D. Private Real Property Rights Preservation Act

■ Finally, SWP asserts the District's taxation of SWP's property constituted a taking under the Act. *See* TEX. GOV'T CODE ANN. § 2007.002 (Vernon 2000). The District moved for summary judgment asserting that taxation for public use cannot, as a matter of law, constitute a taking. Under the Act, whether a governmental action, including the action of a political subdivision, results in a taking is a question of fact. *Id.* § 2007.023(a); *see also McMillan v. Northwest Harris County Mun. Util. Dist. No. 24,* 988 S.W.2d 337, 339 (Tex.App.—Houston [1st Dist.] 1999, pet. denied). Under the Act, a "taking" is defined as either: (1) a governmental action that affects private real property in a manner requiring the government to compensate the property owner as provided by the Fifth and Fourteenth Amendments to the United States Constitution or by article I, sections 17 or 19 of the Texas Constitution; or (2) a governmental action that (a) affects a property owner's private real property in a manner that restricts or limits the owner's right to the property that would otherwise exist in the absence of the governmental action; and (b) is the producing cause of a reduction of at least 25% in the market value of the affected property. TEX. GOV'T CODE ANN. § 2007.002(5).

From reviewing the record, there is no evidence demonstrating the District's assessment of the ad valorem tax did not limit or restrict the owner's right to property that would otherwise exist in the ab-

sence of the governmental action, or that the taxation did not cause a reduction of at least 25% in the market value of the affected property.

The District, nevertheless, contends the levy of the ad valorem tax does not, as a matter of law, result in a taking. The District points out the Act expressly does not apply to governmental actions (including the actions of a political subdivision) that are reasonably taken to fulfill an obligation mandated by federal or state law. *Id.* § 2007.003(b)(4). To fall within this exception, the governmental action must first be an obligation mandated by state or federal law. *See McMillan*, 988 S.W.2d at 340. Second, the governmental action must be reasonably taken to fulfill the state-mandated obligation. *See id.* Based on this exception, the District argues summary judgment was proper.

As noted above, we recognize the District is constitutionally required to levy such taxes as are necessary to repay validly issued, incontestible bonds. *See* TEX. CONST. art. XVI, § 59. However, there is no evidence in the record demonstrating the District's ad valorem tax rate is necessary to service the District's bonds or otherwise is reasonably necessary to fulfill any state mandated obligation. Consequently, the District failed to prove as a matter of law that its levy of taxes fell within the claimed exception to the Act.

██ The dissent contends SWP did not attack the summary judgment disposing of its claims under the Act on the grounds the District did not prove its tax was necessary to fulfill an obligation under state law. The dissent also contends SWP's appellate complaints concerning this aspect of the judgment are "premised entirely on [SWP's] assertion the taxation violated the United States and Texas Constitutions." Reviewing SWP's brief in its entirety, we disagree.

In its first three points of error, SWP contended the trial court erred in granting summary judgment because the District failed to: (1) submit any evidence (other than an affidavit regarding attorney's fees) in support of its motion for summary judgment; (2) conclusively negate an element of each of SWP's causes of action; and (3) conclusively prove all elements of any properly pled affirmative defense. SWP argued these points as to all of its causes of action, including its action under the Act; it also argued the grounds raised in the District's second motion for summary judgment "are not legally sufficient defenses" to its claims. It also argued that to rule in favor of the District, the trial court would have to hold SWP could not challenge the legality of the taxes "no matter how high the District sets its tax rate."

In response, the District argued in its brief that SWP had not shown the tax was a taking under the Act, and that the Act does not apply because the ad valorem taxes were required by law to pay the bond indebtedness. Thus, it is apparent the District believed SWP's argument concerning the Act was sufficiently raised as to merit a response.

Taking SWP's brief as a whole, and construing it liberally, *see* TEX.R.APP. P. 38.9, we conclude SWP's brief was sufficient to challenge the summary judgment on its claims under the Act on the ground the District did not prove its tax rate was necessary to fulfill an obligation mandated by state law.

## E. Conclusion

The trial court erred in granting summary judgment on SWP's claims under the Act. We therefore sustain points of error one through five to the extent they relate to SWP's claims under the Act. We overrule SWP's points of error one through

five to the extent that they relate to the arguments based on the United States and Texas constitutions.

### DENIAL OF MOTION TO CONSOLIDATE

After SWP filed this suit contesting the 1994 taxes, the District filed suit in the 162nd Judicial District Court seeking recovery of real property taxes levied against SWP in 1994. The District also filed suit in the justice of the peace court seeking recovery of personal property taxes levied against SWP in 1994.

SWP filed a motion seeking to consolidate the District's two tax collection suits with SWP's pending suit contesting those same taxes. The trial court denied consolidation of the suits but did transfer the District's tax collection suit to the court in which SWP's suit was pending.

SWP asserts the trial court erred in refusing to consolidate the cases. To support its contention, SWP argues only that the tax collection suits were compulsory counterclaims. It has not, however, attempted to show consolidation is mandatory when another case includes compulsory counterclaims.

■ The trial court has broad discretion to consolidate cases with common issues of law or fact. *See* Tex.R. Civ. P. 174; *see also Owens–Corning Fiberglas Corp. v. Martin,* 942 S.W.2d 712, 716 (Tex.App.— Dallas 1997, no writ). In deciding whether to consolidate, the trial court must balance the judicial economy and convenience that may be gained by the consolidation with the risk of an unfair outcome because of prejudice or jury confusion. *See id.*

■ After reviewing the record, we cannot conclude the trial court abused its discretion in denying the motion to consolidate. Furthermore, SWP has not attempted to show how it could possibly have been harmed by denial of the motion

to consolidate. Therefore, we overrule SWP's ninth point of error.

### AWARD OF ATTORNEY'S FEES

■ In their sixth, seventh, and eighth points of error, South West and SWP complain of the award of attorney's fees. Because we affirm the summary judgment as to South West's claims, we affirm the award of attorney's fees against South West. The award of attorney's fees against SWP, however, is contingent upon the ultimate outcome of the case. In light of our holding, any award of attorney's fees against SWP is premature. Consequently, we reverse the award of attorney's fees awarded against SWP.

### CONCLUSION

We reverse and remand those portions of the trial court's judgment holding that SWP take nothing on claims arising under the Act. We reverse that portion of the judgment awarding the District attorney's fees against SWP and remand those issues to the trial court for further proceedings consistent with this opinion. We affirm the remainder of the trial court's judgment.

O'NEILL, J., dissenting.

O'NEILL, Justice, dissenting.

I respectfully dissent to the majority's resolution of SWP's claim under the Private Real Property Rights Preservation Act (the Act). As noted by the majority, section 2007.002(5) of the Act provides that a taking is: (a) a taking under the United States or Texas Constitutions, or (b) a governmental action that (i) affects a property owner's private real property in a manner that restricts or limits the owner's right to the property that would otherwise exist in the absence of government action, and (ii) is the producing cause of a reduc-

tion of at least 25 percent in market value of the affected property. *See* Tex. Gov't Code Ann. § 2007.002(5) (Vernon 2000). The Act does not, however, apply to government actions that are reasonably taken to fulfill an obligation mandated by federal or state law. *See* Tex. Gov't Code Ann. § 2007.003(b)(4) (Vernon 2000).

The District moved for summary judgment on SWP's claim under the Act on two separate and independent grounds. First, it asserted its actions did not constitute a taking as a matter of law. Second, it asserted SWP cannot recover under the Act because the taxation was necessary to fulfill an obligation mandated by federal or state law. On appeal, SWP asserts the trial court erred in granting summary judgment on its claims under the Act. The *entirety* of SWP's "argument" and "analysis" under this complaint is:

> The District contends the Act does not apply to the District's taxation of [SWP's] property because the Act exempts "an action of a political subdivision that is reasonably taken to fulfill an action mandated by state law ..." (Tex. Gov't Code, § 2007.003(b)(4)), on the grounds that state law mandates the District to levy taxes to pay off its indebtedness. However, state law does not require that the District levy taxes on its property in violation of both the United States and Texas Constitutions. If the District is indeed mandated to levy taxes to pay off its indebtedness, it may fulfill this obligation by levying taxes against the properties that received the benefit of the expenditures.

SWP thus specifically attacks the summary judgment with respect to the Act only on the District's ground that its actions were mandated by state or federal law. SWP does not separately argue the taxation was a taking under the Act in the first instance. SWP thus apparently relies on its earlier arguments regarding whether the taxation was a taking in the constitutional sense. We have concluded the taxation did not, as a matter of law, violate the United States or Texas Constitutions. In doing so, I would also conclude we have necessarily disposed of the issue raised in SWP's brief with respect to whether the tax was a taking under the Act.

Nevertheless, ignoring the specific complaint raised, the majority reverses the trial court's judgment on an issue not presented in this appeal—specifically, whether the District conclusively established its assessment of the ad valorem tax did not constitute a taking under the subsection (b) definition. Specifically, the majority concludes there is no evidence: (1) the District's assessment of the ad valorem tax did not limit SWP's right to the property, or (2) the taxation was not the producing cause of a reduction of at least 25 percent in the property's market value. I would not reach whether the District showed the tax was not a taking under subsection (b) because that issue was not raised in this appeal.

In its petition, SWP alleged the District's action in establishing the tax rate in the Fall of 1995 was a taking as defined by the Act.[1] SWP did not specify whether it was relying on the Act's subsection (a) definition which refers to a constitutional taking or the subsection (b) definition. SWP's complaint on appeal, however, is clearly premised entirely on its assertion

---

1. SWP presumably relied on the district's action in setting *the Fall 1995 tax rate,* rather than the ad valorem tax itself, because the Act requires a property owner to file suit within 180 days of when the owner knew or should have known that the governmental action restricted or limited the owner's right in the property. *See* Tex. Gov't Code Ann. § 2007.021(b) (Vernon 2000).

the ad valorem tax was a taking in the constitutional sense. Indeed, SWP does not even mention subsection (b) or the language used therein other than when it quotes section 2007.002(5) in its entirety. More particularly, SWP has not alleged any action of the District: (1) was an act that restricted or limited its right to the property, or (2) was the producing cause of a reduction of at least 25 percent of the market value of the property. It is axiomatic that this Court may not reverse a trial court's judgment absent properly assigned error. *Pat Baker Co. v. Wilson,* 971 S.W.2d 447, 450 (Tex.1998). Because the majority reverses on what is, in effect, unassigned error, I respectfully dissent to that portion of the opinion. I join in the majority opinion in all other respects.

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

Opinion By Justice MOSELEY.

We deny the motions for rehearing filed by appellants South West Property Trust, Inc. and SWP Properties I, L.P. ("South West") and appellee Dallas County Flood Control District No. 1 ("the District").

In its motion for rehearing, South West argues our opinion improperly ignores the U.S. Supreme Court's holding in *Thomas v. Kansas City Southern Railway Co.,* 261 U.S. 481, 43 S.Ct. 440, 67 L.Ed. 758 (1923), and that we misconstrued *Hydrocarbon Production Co. v. Valley Acres Water District,* 204 F.2d 212 (5th Cir.1953). South West's motion conflates the due process and equal protection provisions of the Fourteenth Amendment. We address South West's motion to clarify the bases for our decision.

The taxpayer in *Thomas* challenged the government's property tax scheme based on the apportionment of the tax among the taxpayers in a special purpose district.

The Supreme Court held the tax was levied in a "grossly discriminatory" manner and, as a result, violated the Fourteenth Amendment. *Thomas,* 261 U.S. at 485, 43 S.Ct. 440. Thus, *Thomas* was decided on equal protection grounds, not due process grounds.

South West's motion also argues the Court's opinion misconstrued *Hydrocarbon,* and that language from that opinion actually supports South West's position. South West's motion specifically refers the Court to the following language from *Hydrocarbon:*

> That the Legislature of the State of Texas has complete and perfect Constitutional power to create the reclamation and conservation district in question may not be questioned. *It is equally established, however, that if the consequence and effect of the provisions by which such exercise of the legislative power is effectuated at [sic] unconstitutional and invalid when applied to a complainant the Court should so declare and award relief accordingly.*

*See Hydrocarbon,* 204 F.2d at 217 (emphasis added by South West). On the basis of the above language, South West asserts that the "inclusion" of the property in the District is not the critical issue because "it is the *resultant action* that determines whether South West's constitutional rights have been violated." South West's motion argues it is the " 'consequence' and 'effect' of this legislation and the manner in which the legislative power is 'effectuated' which may be challenged by a taxpayer and that is precisely what South West has done in this controversy."

In *Hydrocarbon,* the landowner-prospective taxpayer sought a declaratory judgment and an injunction to prohibit a governmental district (similar to the one in this case) from issuing bonds and levying ad valorem taxes. *Hydrocarbon,* 204 F.2d

at 215. Although the state legislature had found that all the land to be included in the district would benefit thereby (as did the legislature in this case), the landowner contended that finding was, as to its property: "palpably wrong, constitut[ed] a gross abuse of discretion and [was] void...." *Id.* The landowner also contended its property within the district (and thus subject to the district's tax) "will not be benefited by the issuance of bonds or the expenditure of the proceeds and, as applied to [the landowner's] property, the same is confiscatory and void and, in the alternative, that plaintiff is entitled to a hearing on the question of benefits." *Id.* at 215–16.

The trial court dismissed the landowner's complaint, and the landowner appealed, arguing the legislature's finding of benefits was "contrary to the facts, ... palpably arbitrary, ... and if permitted would constitute taking appellant's property without due process of law and deny it the equal protection of the law, contrary to the Fourteenth Amendment of the Constitution of the United States." *Id.* at 216.

The Fifth Circuit ruled against the landowner, affirming the judgment of the district court. *Id.* at 219. The court stated the creation of such districts was authorized by the Texas Constitution, and that Texas law authorized such districts to raise funds "either by means of *ad valorem* taxation on all property in the district, or by means of a special assessment, where the tax is levied in proportion to benefits." *Id.* at 217 (citations omitted). It held that the choice between imposing the tax on an ad valorem basis or according to benefits conferred "are matters which rest in the discretion of the state, and are not controlled by either the due process or the equal protection clause of

the Fourteenth Amendment." *Id.* at 218 (internal quotation omitted). Further, because the legislature had the right to authorize the district to tax property ad valorem, and thus without regard to benefit, the landowner had no constitutional right to a hearing on the question of benefits. *Id.* at 219.

Thus, *Hydrocarbon* should be read as rejecting the landowner's substantive and procedural due process and equal protection claims under the Fourteenth Amendment, *to the extent those claims were before the court.* However, *Hydrocarbon* concluded by noting the landowner's complaint

> really attacks only the right and power of the District to tax appellant's property at all. It does not provide a predicate for determination of any question of *discrimination or illegality in the actual assessment and collection of taxes* but only a claimed apprehension that inequality and discrimination will follow. We *therefore do not now pass upon this feature of the claim* and in no wise attempt to adjudicate it.

*Id.* (emphasis added). Thus, the *Hydrocarbon* court expressly abstained from reaching and deciding any federal equal protection claims arising from the actual assessment and collection of taxes. It is in this context that the underlined language from *Hydrocarbon*, quoted by South West in its motion for rehearing, must be read.

■ South West did not cite *Thomas* in its briefing before the court.[1] Indeed, the following quotation constitutes South West's entire argument in its presubmission brief regarding its federal equal protection claim:

> The equal protection clause of the Fourteenth Amendment provides that

1. We also note South West's presubmission briefing to this Court omits any reference to

*Hydrocarbon.* (The District cited *Hydrocarbon* in its brief *passim*.)

no state may "deny any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend XIV, § 1. The taxing of Plaintiffs' property by the District even though the property received no benefit, while property owned by others received the benefit, constitutes a denial of equal protection.

Apart from this conclusory assertion, South West's presubmission briefing sets forth no argument or authority to support this contention. It is not the function of this Court to conduct an independent research of applicable law to determine whether an issue presents reversible error. Because South West failed to provide the argument and authority necessary to make this appellate complaint viable, our opinion held South West's brief waived any federal equal protection arguments, and presented nothing for our review. *See* TEX.R.APP. P. 38.1(h); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.).

In essence, South West's contentions based on *Thomas* and *Hydrocarbon* in its motion for rehearing are equal protection arguments under the Fourteenth Amendment. Whether the District's ad valorem tax is "grossly discriminatory" and violative of the Fourteenth Amendment, as was the ad valorem tax in *Thomas*, is an equal protection issue. Whether the "consequences and effect" of the legislation setting up the District (which was "effectuated" by levying and collecting taxes) is so discriminatory and unequal as to constitute a violation of the Fourteenth Amendment is an equal protection issue—one not decided by *Hydrocarbon* or presented by South West's presubmission brief to this Court. Having waived such arguments by its presubmission briefing, South West may not resurrect them via a motion for rehearing. *See* TEX.R.APP. P. 38.1(h).

We have also reviewed the remaining arguments in South West's motion for rehearing and find them without merit. Accordingly, we overrule appellants' motion for rehearing.

Justice O'NEILL dissents without further opinion.