NUMBER 13-06-049-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG 

 

IN RE: AL CARDENAS MASONRY, INC.

 

On Petition for Writ of Mandamus.

 

 

MEMORANDUM OPINION

 

Before Chief Justice Valdez and
Justices Rodriguez and Garza 

Memorandum Opinion
by Chief Justice Valdez

Relator, Al Cardenas Masonry, Inc., files this
petition for writ of mandamus requesting that this Court overturn the trial
court=s decision denying its motion to consolidate.  We deny the petition for writ of mandamus and
we order the stay previously imposed lifted. 

Background








Al Cardenas Masonry (ACM) is being sued by
real-party-in-interest, Pharr-San Juan-Alamo Independent School District
(PSJA), for negligence in a construction dispute in which ACM was one of
several subcontractors.  In its petition,
PSJA stated "Plaintiff does not seek to recover joint and several
liability against the Defendant [ACM], and hereby . . . limits its recovery
against the Defendant to the percentage of the damages found by the trier of
fact equal to the Defendant's percentage of responsibility with respect to the
property damage for which the damages are allowed."

In a separate case, ACM is among a group of
subcontractor-defendants being sued by a general contractor, Landmark
Organization.  In this dispute, Landmark
and PSJA originally filed cross-claims against each other alleging various
contract-related causes of action. 
Landmark also filed a third-party claim against its subcontractors,
including ACM,  for contribution and
indemnity.  Landmark and PSJA then
resolved their claims out of court; however, Landmark=s suit against the subcontractors remains ongoing. 

ACM requested that the trial court consolidate the
two PSJA-related causes of action.  PSJA
opposed ACM=s motion, arguing that evidence from one case would
be prejudicial in the other case.  The
trial court ultimately denied ACM=s motion to consolidate.  ACM then filed this petition for writ of
mandamus and an emergency motion to stay the underlying proceedings.  We granted the motion for stay pending our
resolution of this mandamus.  

Analysis








Mandamus will issue only to correct a clear abuse of
discretion or the violation of a duty imposed by law where there is no adequate
remedy by appeal.  Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding).  The party filing the petition must establish
that either the trial court could reasonably have reached only one decision
concerning the resolution of certain factual issues or matters committed to its
discretion or the trial court failed to analyze or apply the law correctly to
the facts.  Id. at 839‑40.

Texas Rule of Civil Procedure 174(a) provides for
the consolidation and joint hearing or trial of actions "involving a
common question of law or fact."  Tex. R. Civ. P. 174(a).  The trial judge is given broad discretion to
consolidate cases.  Cherokee Water Co.
v. Forderhause, 641 S.W.2d 522, 525 (Tex. 1982); S.W. Prop. Trust v.
Dallas County Flood Control Dist. No. 1, 136 S.W.3d 1, 12 (Tex. App.BDallas 2001, no pet.); Excel Corp. v. Valdez,
921 S.W.2d 444, 448 (Tex. App.BCorpus Christi 1996, orig. proceeding).  

In the case of consolidation for trial, the actions
should relate to substantially the same transaction, occurrence, subject
matter, or question, and they should be so related that evidence presented will
be material, relevant, and admissible in each case.  Excel Corp., 921 S.W.3d at 448.  Accordingly, the trial court must balance the
judicial economy and convenience that may be gained by consolidation against
the risk of an unfair outcome because of prejudice or jury confusion.  Id.; S.W. Prop. Trust, 136 S.W.3d at 12.  Although cases may involve a common issue
of law, if they each stem from distinct factual scenarios that would tend to
confuse or prejudice the jury, it may not be within the trial court's
discretion to consolidate and try them together.  Excel Corp., 921 S.W.3d at 448.








PSJA argues that it would be prejudiced by
consolidation of the two cases.  Although
the two cases involving ACM and PSJA are similar, the alignment of the parties
and the specific causes of action differ. 
The trial court clearly considered the issue at least twice (although
there is no order denying the first motion to consolidate in the record, there
is an order denying a motion to reconsider the denial of the first motion to
consolidate), and determined that a jury would in fact be prejudiced or
confused by the various causes of action being presented in a single
trial.  Given that the rule specifically
allows trial courts the discretion to consolidate only when they see fit to do
so, there is insufficient evidence in the record to establish that the trial
court clearly committed error in reaching its conclusion in this case.  See Tex.
R. Civ. P. 174(a); Crestway Care Ctr. v. Berchelmann, 945 S.W.2d
872, 873 (Tex. App.BSan Antonio 1997, orig. proceeding) (Amandamus will issue to correct an improper ruling on
consolidation only where the trial court clearly fails to analyze or apply the
law correctly. . . .@).  

Conclusion

The petition for writ of mandamus is denied.  The stay of the trial proceedings previously
imposed by this Court is lifted.

 

                                                             
                                                                                      

        
ROGELIO VALDEZ

         Chief
Justice

 

 

 

Memorandum
opinion delivered and 

filed
this the 13th day of April, 2006.